**THE PEOPLE, Plaintiff**

v.

**DANIEL JACKSON, Defendant**

District Court of the Virgin Islands

Christiansted Sub-Judicial District
St. Croix

July 23, 1928

150

**WILLIAMS,** *Judge*

This matter is now before the Court on recommendation of the Government Attorney — in the language provided by section 5, chapter 4, Title V, of the Code (1921; 5 V.I.C. § 3501 note) — that the defendant be discharged — to wit: "There being no sufficient cause to believe the above named Daniel Jackson guilty of an offense I recommend his discharge."

██ ██ It will be remembered that in this jurisdiction the Government Attorney acts as grand jury, and as such informs in all cases tried in the District Court, except in cases where appeals are taken from the Police Court, which cases are tried on the original papers. (See chapter 4, Title V of the Code [1921; 5 V.I.C. §§ 3501 note, 3581(b)]). These proceedings (1921 Code, Title V, ch. 38; 16 V.I.C. §§ 291-303) are very much in the nature of an appeal from the Police Court, in that they do not require any information or any action whatsoever on the part of the Government Attorney. See People vs. Lydeatt, Christiansted Sub-Judicial District.

■ An examination of sections 4 and 5 of said chapter 4 (supra) will reveal the fact that the recommendation, such as has been filed in this case, was to be made only "in cases in which Police Courts have no jurisdiction to try and determine the same." Section 7 provides that "in all offenses within the jurisdiction of the Police Court, that may be transferred to the District Court upon appeal or otherwise, the Government Attorney need not file an information. Such cases shall be tried on the original complaint and warrant." Thus, it will be seen, that in matters of appeals or actions under the ordinance here involved (chapter 38, Title V [1921 Code; 16 V.I.C. §§ 291-303]), the Government Attorney is charged with no responsibility for the bringing of the cases to the District Court, but is only required to prosecute, on behalf of The People, when they appear in the District Court. Therefore, he is not charged with any duty in the way of recommendation in such cases.

■■ At the time the recommendation was filed the Government Attorney stated that the complaint had not been filed within one year from the birth of the child in question. In People vs. Lydeatt, supra, it was held that cases under chapter 38 (supra) were to be considered as misdemeanors. According to subsection 3, of section 1, chapter 2, Title V, of the Code (1921; 5 V.I.C. § 3541(3)), "Any misdemeanor action must be commenced within one year after its commission." An examination of the record, as it came from the Police Court, will not show that the defendant made any objection to the complaint in the way of setting up the ordinance of limitations. He merely admitted that he had been giving a monthly support of $5.00, but stated that he is unable to continue the payment, and offered $3.00 per month. This, complainant would not agree to, and the case was referred to the District Court, as in cases

where the parties cannot reach an agreement that could be approved by the Government Attorney.

It will thus be seen that the defendant himself did not raise the question of limitations, and, as far as the record discloses he may have been either a fugitive from justice or out of the jurisdiction voluntarily, so that limitations would not run against him by the time suit was brought. In any circumstance he has not raised this point, and I do not see that the Government Attorney is justified in raising it at this juncture of the proceedings. Statutes of limitations do not go to the right, but go to the remedy. The right always exists, but is barred of prosecution by the statute. It is a matter of adjective and not substantive law. It is furthermore a matter generally to be pleaded, and not noticed by the court. Certainly this is so in civil cases. 37 Corpus Juris 1213, et seq. As to criminal cases, see United States v. White, 28 Fed. Cas. No. 16,676, and No. 16,677, under the same title and in the same report. In the first case a motion in arrest of judgment was filed, based on the fact that the limitation period had run when the suit was instituted, but the court would not disturb the judgment of conviction, and, inter alia, said: "The Court is bound to take notice that the defendant, upon the plea of 'not guilty' had a right to avail himself of the limitation of time if he was entitled to it; and that the United States had a right to show that he was not entitled to its benefit; and after a general verdict the court is bound to presume that the parties respectively availed themselves of their rights; and that every thing was alleged and proved which they had a right to allege, and could prove under that issue. If, from accident or ignorance of his rights, the defendant should have been prevented from asserting and using his right, it might be the ground of a motion for a new trial. But after a verdict upon the general issue, the court is bound to presume that the jury had considered and acted

upon every defence which the defendant could make under issue, and upon every matter which either of the parties could lawfully have given in evidence upon the trial. As the verdict was against the defendant, and as the jury could not have found such a verdict, unless they had found that the defendant was a person fleeing from justice, the court must presume that they were satisfied of that fact by the evidence." Of course, in some cases, objection may be made by demurrer, and certainly by a plea of limitations, as well as by putting in evidence the fact under the general issue plea of Not Guilty. What the complainant may be able to prove and the defendant able to rebut at the hearing is not a matter the the Court could well know at this time, or should go into, it seems to me, at the instance of the Government Attorney. It would be better, and more orderly, it seems to me, to allow the case to come to trial, in the absence of any objection on the part of defendant. It has been seen that he has made none so far, except as to the amount. He will, of course, have an opportunity at the trial when the whole matter will be threshed out, in open court, between counsel.

This matter is to be distinguished from the case of The People v. John Martin, Christiansted Sub-Judicial District, decided May 24th, 1928 (1 V.I. 140). In that case the defendant raised, in the Police Court, the question that was presented for decision. Therefore, the complainant had plenty of opportunity to present her answer to his contention; hence it was felt that it was a matter that was not inappropriate to be considered in the preliminary proceeding.

For the above reasons I do not feel that the recommendation should be adopted in this case.