**DAVID RIVERA, Appellant**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS**

No. 16,321

United States Court of Appeals

Third Circuit

Submitted February 2, 1967

Filed March 30, 1967

*See, also, 375 F.2d 988*

DAVID RIVERA, Richmond Penitentiary, Christiansted, St. Croix, Virgin Islands, *Pro se*

ALMERIC L. CHRISTIAN, ESQ., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before STALEY, *Chief Judge,* MARIS and COFFIN,* *Circuit Judges*

MARIS, *Circuit Judge*

## OPINION OF THE COURT

This is an appeal by David Rivera from an order of the District Court of the Virgin Islands denying him a writ of habeas corpus.

It appears that Rivera was arrested on a complaint filed in the Municipal Court of the Virgin Islands, Division of St. Thomas and St. John, on February 25, 1966. A preliminary examination was scheduled in that court for March 2, 1966 and on that date, at the request of Rivera's counsel, was postponed until March 16, 1966. On March 16, 1966 the municipal court passed the case until March 30, 1966. Later on March 16, 1966 the United States attorney

---

* Of the First Circuit, sitting by designation.

filed an information in the District Court of the Virgin Islands and the complaint in the municipal court was subsequently dismissed.

The case was called in the district court on March 21, 1966 and passed to March 28, 1966 on which date Rivera appeared with his counsel and entered a plea of not guilty to all counts of the information. The case was then set for trial on March 29, 1966 on which date Rivera appeared with his counsel, withdrew the pleas of not guilty as to counts III (burglary in the first degree) and IV (attempted unlawful entry) and entered pleas of guilty thereto. Upon motion of the Government counts I and II of the information were then dismissed. On April 19, 1966 Rivera was sentenced by the district court to serve three and one-half years imprisonment under count III and six months imprisonment under count IV, the sentences to run concurrently. The sentence of six months under count IV has now been served. On September 9, 1966 Rivera applied to the district court for a writ of habeas corpus which that court denied on September 28, 1966. He thereupon took the appeal now before us.

In his application for a writ of habeas corpus, which we will treat as an inartistically drawn motion for relief under 28 U.S.C. § 2255, United States v. Davis, 3 Cir. 1954, 3 V.I. 511, 212 F.2d 681, Rivera contends that his conviction was in violation of his constitutional rights. He asserts that he was denied due process of law because he was not accorded a preliminary examination by the municipal court before the information was filed against him and because he was prosecuted by information rather than upon an indictment by a grand jury. We find no merit in either contention.

It is true that Rule 123(c) of the Rules of the Municipal Court provides that where a person has been arrested upon a complaint of an offense which is within the exclu-

sive jurisdiction of the district court, or which the United States attorney has elected to prosecute in the district court under its concurrent jurisdiction, the arrested person shall have the right to have a preliminary examination in the municipal court. But we are satisfied that this is a mere procedural right which is not within the constitutional concept of due process of law and which may, therefore, be cut off by the filing of an indictment or information.

 In the Virgin Islands the municipal court performs the functions of a United States commissioner with respect to the holding of a preliminary hearing in the case of a person who has been arrested charged with a crime cognizable by the district court. In this respect Rule 123 parallels Rule 5 of the Federal Rules of Criminal Procedure and supplies the procedure for the municipal court which Rule 5 provides for United States commissioners.[1] The purpose of such a hearing before a United States commissioner is to afford the arrested person a prompt determination as to whether there is probable cause for his being held for the action of the grand jury or for trial in the district court if the prosecution is to be by information. But the grand jury is free to return an indictment against a person accused of crime before he has had a preliminary hearing, or even before he has been arrested, in which case there is no right to or need for a preliminary hearing, United States ex rel. Bogish v. Tees, 3 Cir. 1954, 211 F. 2d 69, 72, since a person accused of crime by indictment is not entitled to a hearing in advance of trial. U.S. ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 400; Goldsby v. United States, 1895, 160 U.S. 70, 73.

---

[1] Rule 5 of the Federal Rules of Criminal Procedure does not apply to proceedings for a preliminary hearing in the Municipal Court of the Virgin Islands. Rule 54(a)(2), F.R.Cr.P. Compare 18 U.S.C. § 3041. In Government of Virgin Islands v. Solis, 3 Cir. 1964, 4 V.I. 615, 334 F.2d 517, the precise question here involved was not presented to or considered by this court since the provisions of Rule 5 of the Federal Rules of Criminal Procedure and Rule 123 of the Rules Governing the Municipal Court of the Virgin Islands, which were involved in that case, were identical.

 In the Virgin Islands, as we point out below, the procedure of indictment by grand jury is not followed and all offenses including felonies cognizable by the district court are prosecuted in that court upon information filed by the United States attorney. Thus the filing of an information in the Virgin Islands is the full equivalent of the presentment of an indictment by a grand jury. People v. Jackson, 1928, 1 V.I. 149, 151, just as it is in the United States district courts in those cases in which it is employed. Rule 7, F.R.Cr.P. It follows that a preliminary examination is not required as a condition precedent to prosecution by information, United States v. Pickard, 9 Cir. 1953, 207 F. 2d 472; Stephens v. United States, 10 Cir. 1965, 341 F. 2d 100; United States v. Smith, 6 Cir. 1965, 343 F. 2d 847, cert. den. 382 U.S. 824, and that an information may be filed, as was done here, during the pendency of the preliminary proceedings and before a finding of probable cause has been made therein. United States v. Achen, D.C.N.Y. 1920, 267 F. 595.

██ ██ We turn then to Rivera's contention that the proceedings against him were fatally defective because he was prosecuted by information instead of by indictment. His contention, basically, is that the provision of the Fifth Amendment to the Federal Constitution that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury" is applicable to the Virgin Islands and was violated in his case. In Soto v. United States, 3 Cir. 1921, 1 V.I. 536, 545, 273 F. 628, 633, this court held that the right of presentment by grand jury is merely a remedial right which is not among the fundamental rights which Congress in legislating for a territory not incorporated into the United States, such as the Virgin Islands, must secure to its inhabitants. We then said that "until Congress shall extend rights of this character to the inhabitants of newly

160

acquired territory, the judicial system prevailing in such territory—not the system contemplated by the Constitution—is applicable and controlling."[2]

 What was true in the Virgin Islands in 1921 in this regard remains true today. For Congress has not in the intervening years extended the grand jury system to the Virgin Islands. On the contrary the Revised Organic Act of 1954, expressly provided in section 25, 48 U.S.C.A. § 1615, that "All offenses shall continue to be prosecuted in the District Court by information as heretofore except such as may be required by local law to be prosecuted by indictment by grand jury." Likewise the Federal Rules of Criminal Procedure, which were made applicable to the District Court of the Virgin Islands by Rule 54(a)(1), provide in that rule that: "all offenses shall continue to be prosecuted .... in the District Court of the Virgin Islands by information as heretofore except such as may be required by local law to be prosecuted by indictment by grand jury."

 In the exercise of what we believe to be a wise policy judgment the Legislature of the Virgin Islands has chosen to retain the simple procedure of prosecution by information in all cases. 5 V.I.C. § 3581(a). In this respect the traditional procedure in the Virgin Islands is in accord with the modern trend to move in the direction of abolishing the grand jury as cumbersome and outmoded. Movement in that direction was made possible by the ruling by the Supreme Court in Hurtado v. California, 1884, 110 U.S. 516, that the due process of law required of the States by the Fourteenth Amendment was not meant to include the institution and procedure of a grand jury in any case. In support of the wisdom of the policy of the Virgin Islands in this regard we think it proper to quote from the

---

[2] See, also, Farrelly, The Doctrine of Incorporation and Federal Labor Policy in the Virgin Islands, 1 V.I.B.J. 11, 16 (1967).

thoughtful opinion of the Criminal Court of Appeals of Oklahoma in Blake v. State, 1932, 54 Okla. Cr. 62, 66–67, 14 P. 2d 240, 242, as follows:

"The origin of the grand jury system is lost in obscurity. Some have thought the institution existed among the early Athenians; others that it is of Norman origin, brought to England by the Normans. Still others claim its origin as Anglo Saxon. The institution came to this country as a part of the common law. The Federal Constitution as adopted contained no guaranty of indictment by a grand jury, but this was remedied by the fifth article of the Amendments. This provision applies only to offenses against the United States and does not require that the states shall proceed by indictment for offenses against state laws. Various states of the Union have practically abolished the grand jury. As will be seen from an examination of our Constitution, sections 17 and 18, art. 2, all prosecutions may be begun and carried on without the intervention of a grand jury. Generally speaking, under modern conditions, a grand jury is a superfluous piece of legal machinery. Where prosecuting officers are willing to act there is rarely any reason why this cumbersome proceeding should be invoked. They have the power without a grand jury to make inquisition, to examine witnesses, and to ascertain facts upon which to base a prosecution. It is wise to provide, as has been done in this state, that a grand jury may be called where prosecuting officers will not act but as a part of judicial procedure it is antiquated and well-nigh useless . . . ."

It is clear that Rivera had no right, constitutional or otherwise, to prosecution upon indictment by a grand jury.