GOVERNMENT OF THE VIRGIN ISLANDS

v.

CARLOS JUAN BOLONES, Appellant

No. 18176

GOVERNMENT OF THE VIRGIN ISLANDS

v.

CLAUDIO PONCE, Appellant

No. 18177

United States Court of Appeals

Third Circuit

Argued January 26, 1970

Decided June 9, 1970

FELIX A. BELLO, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant in both cases*

ROBERT M. CARNEY, ESQ., United States Attorney, St. Thomas, Virgin Islands, *for appellee in both cases*

Before HASTIE, *Chief Judge*, and GANEY and STAHL,* *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

On the basis of information supplied by a confidential informant, the Virgin Islands police arrested the appellant Bolones on May 23, 1969 in connection with a shooting death that had occurred nearly two years previously. After advising Bolones of his rights, the police took a statement from him that implicated the appellant Ponce and one Ortiz in the alleged slaying. Ponce was arrested on May 24, 1969, and also gave a statement after being advised of his rights. On May 27, 1969, the appellants were charged with first degree murder in a complaint filed in the Municipal Court of the Virgin Islands. The attorney for both appellants subsequently moved the municipal court to hold a preliminary hearing and set bail; but on August 5, 1969, before that court had acted on the motions, the United States Attorney filed informations in the District Court of the Virgin Islands charging the appellants with first degree murder and removing the cases from the jurisdiction of the municipal court.

The appellants petitioned the district court for writs of habeas corpus, seeking to justify their release on the grounds that they were arrested unlawfully, that their statements were obtained in violation of their constitutional rights, that they were denied a preliminary hearing

---

* Judge Stahl heard the argument and participated in the consideration of this appeal but died before decision.

and a speedy trial, and that they were entitled to bail. After a hearing, the district court denied the appellants' petitions for writs of habeas corpus and ordered them held without bail. These appeals followed.

■ ■ Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus. "[I]n our system evidentiary rulings provide the context in which the judicial process of inclusion and exclusion approves some conduct as comporting with constitutional guarantees and disapproves other actions by [the police]." Terry v. Ohio, 1968, 392 U.S. 1, 13. The appellants have filed a motion to suppress their oral and written statements to the police, and that motion, rather than their petition for writs of habeas corpus, provides the appropriate avenue of relief before trial.[1]

■ ■ The contention that a prosecution by information denies due process of law if it precludes the right to a preliminary examination in municipal court was rejected in Rivera v. Virgin Islands, 3d Cir. 1967, 6 V.I. 155, 375 F.2d 988. "[A] preliminary examination is not required as a condition precedent to prosecution by information, . . . and . . . an information may be filed, as was done here, during the pendency of the preliminary proceedings and before a finding of probable cause has been made therein." 375 F.2d at 990. Whether the delay in bringing the appellants to trial has been so long and prejudicial as to deny them the right to a speedy trial

---

[1] Counsel for the appellants argues that the United States Attorney elected to proceed on the petition for writs of habeas corpus in lieu of arraigning the appellants, and that therefore the motions that ordinarily may be presented at arraignment should have been entertained by the district judge at the habeas corpus hearing. Of course, the government may not elect to forego the arraignment required by Rule 10 of the Federal Rules of Criminal Procedure, and if the appellants have not yet pleaded, they should be arraigned expeditiously.

is a matter to be determined in first instance on an appropriate pretrial motion.

Because first degree murder is a noncapital offense in the Virgin Islands, the district court recognized a potential conflict between the Bail Reform Act, 18 U.S.C. § 3146 (Supp. IV, 1969) and the bail provision of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1561 (1964), which permits the denial of bail in first degree murder cases. However, without attempting to resolve the conflict, the district court denied bail, stating that it would do so even if the Bail Reform Act applied.

■ We have decided today, on an appeal by one accused of the same slaying as that with which the appellants have been charged, that the Bail Reform Act does apply to first degree murder cases in the District Court of the Virgin Islands. Virgin Islands v. Ortiz, 3d Cir., 7 V.I. 521, May —, 1970 [June 9, 1970] No. 18193. However, on the present record, we cannot find that the district court's stated conclusion that bail would be denied even if the Bail Reform Act applied was based upon and supported by the requisite consideration of the conditions of release enumerated in 18 U.S.C. § 3146 (Supp. IV, 1969).

Accordingly, we shall remand for a further hearing on the matter of bail. 18 U.S.C. § 3147(b) (Supp. IV, 1969). Otherwise, the district court's denial of the petition for writs of habeas corpus will be affirmed.