WARREN BALLANTINE, RAPHAEL JOSEPH, ISHMAEL LA BEET, MERAL SMITH and BEAUMONT GEREAU, Relators

v.

JENS HENDRICKS, Acting Commissioner of the Department of Public Safety for the Virgin Islands and the Official in charge of the prison facilities at Fort Christian in St. Thomas, Virgin Islands, Respondent

Civil No. 479-1972

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 3, 1972

THOMAS IRELAND, St. Thomas, V.I., *for relator* Warren Ballantine

FRANK PADILLA, Frederiksted, V.I., *for relator* Raphael Joseph

LEROY MERCER, Christiansted, St. Croix, V.I., *for relator* Meral Smith

MARIO N. DECHABERT, Christiansted, St. Croix, V.I., *for relator* Beaumont Gereau

MITCHELL & HUNTER, Charlotte Amalie, St. Thomas, V.I., *for relator* Ishmael La Beet

JOEL D. SACKS, United States Attorney, Charlotte Amalie, St. Thomas, V.I., *for respondent*

YOUNG, *Judge*

### MEMORANDUM OPINION AND ORDER

The relators have petitioned this Court for a Writ of Habeas Corpus. In substance they have claimed five separate grounds for relief: (1) The conditions of their present confinement constitute cruel and unusual punishment. (2) They were denied their right to be prosecuted only upon a Grand Jury indictment. (3) They were denied a preliminary hearing, including the cross-examination of witnesses, to determine probable cause for their continued detention. (4) Bail is excessive. (5) There was unreasonable delay in bringing the relators before a magistrate to be advised of their rights.

This matter was heard on October 24, 1972, at which time the Court took the above contentions under advisement. That afternoon, however, the Court held a conference to inquire into the single issue of the alleged unfair treatment of the relators as pretrial detainees. Believing that this matter would more appropriately be dealt with by Order rather than by habeas corpus, the Court on October

27 entered an Order to govern certain conditions of the relators confinement. I now address myself to the remaining four grounds for relief. After giving the matter prolonged consideration, I am convinced that all four must be denied at this time.

I

The defendants urge first that they may be prosecuted only after indictment by a Grand Jury. In support of this proposition they refer to 28 U.S.C. § 1861, which states:

It is the policy of the United States that *all litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries* selected at random from a fair cross section of the community in the district or division wherein the court convenes. (Emphasis added.)

28 U.S.C. § 1869, the definitional section, goes on to state that the term "Courts" in this statute includes the District Court of the Virgin Islands.[1]

■ For two reasons, however, this contention is wide of the mark. In the first place, this statute does not affirmatively extend a grand jury requirement to the Virgin Islands. Sections 1861 et seq. are instead intended to establish standards to assure proper cross-sectional representation on the jury lists that *are* drawn up. The Virgin Islands are assuredly subject to these requirements. However, there is no inconsistency in following these jury-list selection criteria while at the same time declining to adopt the Grand Jury as an institution.

■ Secondly, even if there is an implication in this statute that use of a Grand Jury is itself intended, by its terms it is no more than a general "policy" statement which would be overridden by an Act of Congress specifically drawn to exempt the Virgin Islands from such a

---

[1] The statutory prerequisite, that the defendants be entitled to jury trial, is satisfied for trials in the Virgin Islands. See 48 U.S.C. § 1406(c); Revised Organic Act of 1954, § 26.

requirement.[2] On several occasions Congress has legislated to this effect. Rule 54 (a) (1) of the Federal Rules of Criminal Procedure specifically provides that:

> All offenses shall continue to be prosecuted . . . in the District Court of the Virgin Islands by information as heretofore except such as may be required by local law to be prosecuted by indictment by Grand Jury.

Similarily, section 3 of the Revised Organic Act of 1954 provides in pertinent part:

> That all offenses shall continue to be prosecuted in the District Court by information as heretofore, except such as may be required by local law to be prosecuted by Grand Jury.

This last provision was contained in an amendment of August 23, 1968, Pub. L. 90–496, § 11, 82 Stat. 841. It was therefore passed by Congress some five months after the Jury Selection and Service Act relied upon by the defendants. Congress thereby clearly intended that there be no change in the judicial procedures of the Virgin Islands. Moreover, the 1968 amendment also contains a clause repealing all inconsistent legislation. Therefore, even if section 1861 is inconsistent with the provisions of the amended Organic Act—which it is not—the Organic Act would be the most recent and hence the governing law.

■ Congress thus left the establishment of Grand Juries in the hands of the Virgin Islands Government, to be established or not as they saw fit. The Territorial Legislature has not provided for Grand Juries, but on the contrary stated in 5 V.I.C. § 3581(a) that: "Every felony and every criminal action in the district court shall be prosecuted by information."

The constitutionality of this procedure is well-settled.

---

[2] Indeed, the Act relied upon by the defendants explicitly repealed another section of the Code (48 U.S.C. § 867), illustrating that Congress knows how to withdraw legislation and that further repeals by implication are not an appropriate method of statutory construction here.

In Rivera v. Government of the Virgin Islands, 375 F.2d 988, 991 (3rd Cir. 1967), the Court of Appeals held that:

> The right of presentment by Grand Jury is merely a remedial right which is not among the fundamental rights which Congress is legislating for a territory not incorporated into the United States, such as the Virgin Islands, must secure to its inhabitants.

This holding has been consistently followed. See, e.g., Soto v. United States, 273 F. 628, 633 (3rd Cir. 1921); Government of the Virgin Islands v. Rijos, 285 F.Supp. 126, 128 (D.V.I. 1968); Government of the Virgin Islands v. Bell, 423 F.2d 692 (3rd Cir. 1970); cert. denied, 398 U.S. 937 (1970). This last case, it should be noted, was decided subsequent to the passage of both the Organic Act amendment and the Jury Selection and Service Act of 1968. Moreover, the due process clause was applicable to the Virgin Islands at all relevant times and was therefore found not to be infringed. See the Organic Act of 1936, § 34; Revised Organic Act of 1954, § 3.

## II

The defendants claim next that they were deprived of their right to a preliminary hearing, at which they could cross-examine adverse witnesses and challenge the probable cause for their detention before a judicial officer. They rely principally on Rule 5 of the Federal Rules of Criminal Procedure, which establishes procedures for such a hearing, and more generally on the contention that without this step in their prosecution they have been denied the due process of law. For two reasons, however, I must disagree. First, a preliminary hearing is not required where an action is properly initiated by the filing of an information. And secondly, even if the requirement for a preliminary hearing did extend to the Virgin Islands, a sufficient hearing was in fact held.

## A. Preliminary Hearing Not Required.

It should be noted first that Rule 5 does not apply to the Virgin Islands. Rule 54(a)(2) instead establishes an exception as follows:

The rules applicable to criminal proceedings before commissioners . . . do not apply to criminal proceedings before other officers empowered to commit persons charged with offenses against the United States.

Rule 5 is thus inapplicable here, since preliminary proceedings are generally held before judges of the Municipal Court. See Rivera v. Government of the Virgin Islands, 375 F.2d 988, 990 n. 1 (3rd Cir. 1967). The relevant procedures are therefore those established by Rule 123 of the Rules Governing the Municipal Courts of the Virgin Islands, 5 V.I.C. App. IV, Rule 123.

 While Rule 123 is generally similar to the federal Rule 5, it nonetheless establishes only a

procedural right which is not within the constitutional concept of due process of law and which may, therefore, be cut off by the filing of an indictment or information.

Rivera, supra, at 990. As noted in the first section of this opinion, an information is used in the Virgin Islands as the device equivalent to the Grand Jury indictment in other federal courts. It is also settled that this information is "the full equivalent" of an indictment, and for all purposes. Id.; accord, Government of the Virgin Islands v. Bolones, 7 V.I. 516, 519 (3rd Cir. 1970). One function served by an indictment is that it establishes probable cause and cuts off any right to a separate hearing directed to that issue. See, e.g., United States v. Farries, 459 F.2d 1057 (3rd Cir. 1972); Sciortino v. Zampano, 385 F.2d 132 (2nd Cir. 1967), cert. denied, 390 U.S. 906 (1968); United States v.

Smith, 343 F.2d 847, 850 (6th Cir. 1965). Thus the Court of Appeals unanimously held of the Virgin Islands that

[i]t follows that a preliminary examination is not required as a condition precedent to a prosecution by information [citation omitted] and that an information may be filed, as was done here, during the pendency of the preliminary proceedings and before a finding of probable cause has been made therein. (Citations omitted.)

Rivera, supra, at 990.

Further support for this position may be found in analogies to other statutes. For example, the proposed new Rule 5 of the Federal Rules of Criminal Procedure would codify the case law and provide that "the preliminary examination shall not be held if the defendant is indicted or, in appropriate cases, if information against the defendant is filed in district court before the date set for the preliminary examination." Proposed Rule 5(d)(2), printed in 48 F.R.D. 563 (1970). Moreover, a similar provision already exists in the Federal Magistrate's Act, 18 U.S.C. § 3060(e):

No preliminary examination . . . shall be required . . . if at any time subsequent to the initial appearance of such person before a judge or magistrate and prior to the date fixed for the preliminary examination . . . an indictment is returned or in appropriate cases an information is filed against such person in a Court of the United States.

### B. Preliminary Hearing Was Held.

Although my holding in this petition is based on the foregoing considerations, it seems appropriate to add that a preliminary hearing was in fact held. A motion for such a hearing was filed by the relator Meral Smith and in the exercise of the Court's discretion one was held the next morning immediately prior to the scheduled arraignments. The proceeding was somewhat informal, but I believe it

would have been sufficient even under the canons of Rule 5 if that had applied to this jurisdiction.[3]

As the background for the hearing, this Court had previously been approached by two F.B.I. agents and was furnished with their affidavits. These documents summarized the contents of statements said to have been made by the first two relators to be taken into custody. The affidavits were the basis for bench warrants then issued for the arrest of the other three relators, who were said to have been named in the statements. At that time, of course, probable cause was found to issue the warrants. Since the statements are already the subject of a motion for suppression, I do not describe them. However, I will refer to them again in my discussion below pertaining to the alleged delay in bringing relators before a magistrate.

The Court hearing was intended to introduce an adversary inquiry into a situation where some facts were already known. At that time there were two defense lawyers involved in the case, and the matters involving the respective clients were argued separately. The Court proposed to each that they introduce any rebuttal evidence at that time, since otherwise the initial finding of probable cause would stand. T. 5; T. 19–20. Both lawyers were willing to have a preliminary hearing held, one so requesting by motion and the other so stating in Court. T. 5. Both stated that they did not intend to introduce any additional

---

[3] More relevant, the hearing would clearly have been sufficient under Rule 123, subsection (e) of which provides as follows:

(e) EFFECT OF INFORMALITY OR ERROR. No person held in custody under a commitment after a preliminary examination shall be discharged, nor shall the preliminary examination be held invalid because of any informality or error, not prejudicial to the defendant, in the commitment or prior proceedings or because the offense for which the defendant is held to answer is other than that stated in the complaint or warrant of arrest.

Considering the totality of circumstances surrounding the preliminary hearing, the Court would find that any informality of procedure was harmless to the defendants beyond a reasonable doubt. Cf. Chapman v. California, 386 U.S. 18, 24 (1967).

evidence, but wished only to cross-examine the affiants.[4] T. 27–28; T. 41. The Court ruled, however, that since the affiants were now out of the jurisdiction, it could not justify the delay and expense involved in securing their presence at such a preliminary stage of the proceedings. T. 40. This seems justifiable in view of the fact that preliminary hearing testimony may be introduced at the trial itself—a far more important stage and one where the burden of proof is met with greater difficulty—where a good-faith effort to secure the witnesses' presence is unavailing.[5] See Barber v. Page, 340 U.S. 719 (1968). The hearing terminated at this point because there was no further evidence that the defense wished to introduce.[6] The Court thereupon ruled that the testimony in the affidavits was not shaken, and that probable cause would again be found. T. 43.

### III

█ The relators have also sought in their petition to challenge the reasonableness of the bail set by this Court in the sum of $200,000 for each defendant. They assert that bail as now set as a precondition to their release is

---

[4] Attorney James did at first request a continuance in order to consult with his clients and perhaps obtain witnesses on their behalf. T. 12. After further consultation, however, the defendants announced that they intended only to cross-examine the affiants. T. 41. In view of the ruling discussed below, that the Government need not produce the affiants at this stage, the issue of whether a continuance was necessary was therefore rendered moot.

[5] Such evidence is evidently permissible only where there was a right of cross-examination at the preliminary hearing. It nonetheless appears that the policy goal of cross-examination is modified by practical difficulties in obtaining the witness, since during the course of trial additional issues may arise upon which the defense attorney would ideally wish to propound further questions.

[6] The Court did tell Attorney Mercer that there was no need for an evidentiary hearing and that his motion was therefore denied. T. 31–32. This wording has been a source of regret, since it might imply that the motion for a preliminary hearing was denied. In context, however, it is clear that this denied only a request that the affiants' presence be required; and both defense counsel remained free to introduce other evidence on their clients' behalf. T. 41.

"exorbitant and impermissible". The use of the writ for such purposes has been recognized in various state jurisdictions. Gusick v. Boies, 72 Ariz. 233, 233 P.2d 446 (1951); State v. Richburg, 42 Ala. App. 495, 168 So.2d 628, 630 (1964) (habeas corpus denied because relators were not in custody). However, those cases have dealt with pretrial review of bail which has been set pursuant to state law. The guiding principles for the setting of bail in the case at hand has been the Bail Reform Act of 1966, 18 U.S.C. § 3146, which is a federal statute. The provisions of the Act have recently been held applicable to the Virgin Islands. See Government of the Virgin Islands v. Ortiz, 7 V.I. 521, 427 F.2d 1043 (3rd Cir. 1970). Review of that bail has already been sought through the filing of the motions required under the Act, and this Court has seen fit on review of the conditions of release to reaffirm bail in the amount of $200,000 for each of the individuals charged. The reasons for so doing have been set forth elsewhere as required by the statute. 18 U.S.C. § 3146(d).[7] The appropriate remedy for review of this Court's exercise of discretion on matters relating to bail is to proceed under the provisions of the Bail Reform Act. It is, therefore, incorrect to use the writ for such purposes. Section 3147(b)(2) of the Act provides that "an appeal may be taken to the court having appellate jurisdiction over such court" upon imposition or amendment of the conditions of release by this Court, which has exercised exclusive jurisdiction over the charge. The relators are, therefore, required to pursue their statutory remedies rather than raise the issue by way of a writ of habeas corpus.

Because of the manner in which the petition is framed, it is necessary to explore the import of what

---

[7] The rationale for this Court's action upon the motions for reduction of bail are set out in an Order issued in Criminal No. 97/1972, dated November 3, 1972.

appears from the face of the petition as an allegation that there was unnecessary delay in bringing the defendants before the appropriate judicial officer for initial present-ment. The issue can be disposed of quickly, though my analysis will not touch on the merits of that contention for reasons set out below. Such an allegation may not at this point in time be tested through the use of the writ of habeas corpus. Government of the Virgin Islands v. Bolones, 7 V.I. 516, 427 F.2d 1135 (3rd Cir. 1970). In view of the fact that a valid information has been filed, matters pertaining to the issue raised here, which would go to the propriety of the activities of the investigating authorities, must be challenged on the basis of admissibility not on habeas corpus. Government of the Virgin Islands v. Solis, 4 V.I. 615, 334 F.2d 517 (1964). Such a challenge is proper under the well-known criteria set forth in McNabb v. United States, 318 U.S. 332 (1943), and Mallory v. United States, 354 U.S. 449 (1957). Yet the McNabb-Mallory rule has its limitations, for it is premised upon federal supervisory powers and pertains solely to statements taken in violation of Rule 5 of the Federal Rules of Criminal Procedure or other relevant local procedural rules promulgated by authority of this Court. But since the Supreme Court has established the right, it can also specify the remedy; that remedy is exclusion. Thus the wrong complained of is not a violation of a constitutional right, of which we could take immediate cognizance. The right to prompt presentment does not derive its strength from the Fourteenth Amendment. Bright v. United States, 274 F.2d 696 (8th Cir. 1960). Neither is it directly concerned with rights secured under the Fourth Amendment as enunciated in Mapp v. Ohio, 367 U.S. 643 (1961), and Terry v. Ohio, 392 U.S. 1 (1968), or the implications of Miranda v. Arizona, 384 U.S. 436 (1966), and Escobedo v. Illinois, 378 U.S. 478 (1964). Assuming arguendo that there was

279

a prohibited delay in taking the relators before a magistrate, they have available to them other modes of securing pretrial relief. Motions for suppression of written and oral statements have been filed on behalf of each of the relators. Therefore, they must be required to pursue the avenue of relief provided for by the exclusionary rule rather than seek a writ based on this allegation.

## ORDER

For the reasons set forth above, the petition for habeas corpus is in all respects DENIED; PROVIDED, HOWEVER, that the Court's prior Order relating to the defendants' conditions of confinement is to continue in force.