**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**DEAN C. PLASKETT, MARC A. BIGGS, and LEROY L. MARCHENA,**
**Defendants**

Criminal No. 2007-60

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 4, 2008

ARMANDO BONILLA, ESQ., Washington, D.C., *For the Government.*

GORDON C. RHEA, ESQ., Mount Pleasant, SC, *For defendant Dean C. Plaskett.*

TRESTON E. MOORE, ESQ., St. Thomas, U.S.V.I., *For defendant Marc. A. Biggs.*

ADRIANE J. DUDLEY, ESQ., St. Thomas, U.S.V.I., *For defendant Leroy L. Marchena.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

(February 4, 2008)

Before the Court are the motions of defendants Leroy Marchena ("Marchena"), Dean C. Plaskett ("Plaskett"), and Marc A. Biggs ("Biggs") (collectively, the "Defendants") to dismiss the indictment in this matter. For the reasons stated below, the Court will deny the motions to dismiss.

## I. FACTS

On November 8, 2007, a grand jury returned a twelve-count indictment against Plaskett, Biggs, and Marchena. Count One charges conspiracy to commit bribery concerning programs receiving federal funds, and to commit honest services mail fraud against Plaskett and Biggs. Counts Two through Four charge federal program bribery against Plaskett Five through Seven charge federal program bribery against Biggs. Count Eight charges Plaskett and Marchena with conspiracy to obstruct justice. Counts Nine and Ten charge Plaskett and Marchena with obstruction of justice. Count Eleven charges Plaskett with making a false statement. Count Twelve charges Plaskett and Biggs with making fraudulent claims upon the government, under Virgin Islands law.

The Defendants argue that dismissal is appropriate due to various defects in the grand jury procedure. Additionally, Plaskett and Biggs contend that Counts One and Five must be dismissed because the offenses charged therein are barred by the applicable statute of limitations. Plaskett and Marchena also argue that Counts Eight through Ten should be dismissed for failure to allege the elements of the crimes charged therein. Finally, Biggs seeks dismissal of Count Twelve on grounds that it fails to allege the elements of the offense, and infringes upon his first amendment right to free speech as well as his Fifth Amendment privilege to be free from self-incrimination.

644

## II. DISCUSSION

### A. Right to Indictment by a Grand Jury

■ The Fifth Amendment of the United States Constitution guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V. The grand jury determines whether there is probable cause to believe that a crime has been committed, protecting citizens from baseless prosecutions. *See United States v. R. Enters., Inc.*, 498 U.S. 292, 297-98, 111 S. Ct. 722, 112 L. Ed. 2d 795 (1991) (explaining that the Grand Jury's "task is to conduct an ex parte investigation to determine whether or not there is probable cause to prosecute a particular defendant"); *In re Grand Jury*, 286 F.3d 153, 159 (3d Cir. 2002) ("The grand jury belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people.").

■ "In the unincorporated Territory of the Virgin Islands the requirement of the Fifth Amendment for indictment of a grand jury is not applicable." *Gov't of the V.I. v. Dowling*, 633 F.2d 660, 667 (3d Cir. 1980); *see also United States v. Ntreh*, 279 F.3d 255, 256 (3d Cir. 2002) ("[R]esidents of the Virgin Islands have no constitutional right to indictment by a grand jury."); *Rivera v. Gov't of the V.I.*, 375 F.2d 988, 991, 6 V.I. 155 (3d Cir. 1967) ("[T]he right of presentment by grand jury is merely a remedial right which is not among the fundamental rights which Congress in legislating for a territory not incorporated into the United States, such as the Virgin Islands, must secure to its inhabitants.").

■ Rather, in the Virgin Islands,

> all offenses against the laws of the United States and the laws of the Virgin Islands which are prosecuted in the district court . . . may be had by indictment by grand jury or by information, and that all offenses against the laws of the Virgin Islands which are prosecuted in the district court pursuant to section 1612(b) of this title or in the courts established by local law shall continue to be prosecuted by information, except such as may be required by local law to be prosecuted by indictment by grand jury.

Revised Organic Act § 3, 48 U.S.C. § 1561 (1984); *see also* FED. R. CRIM. P. 1(a)(3)(C) (2002) (stating that in "the district court of the Virgin Islands,

except that the prosecution of offenses in that court must be by indictment or information as otherwise provided by law"). No such local law requiring any Territorial crimes to be prosecuted by indictment has been enacted. Accordingly, neither federal nor territorial crimes must be charged by indictment in the Virgin Islands. *See Rivera v. Gov't of the V.I.*, 375 F.2d 988, 6 V.I. 155 (3d Cir. 1967) (explaining that "it is settled" that the Fifth Amendment right to a grand jury indictment does not govern a prosecution for offenses against the Virgin Islands "without Congressional approval"); *Ntreh*, 279 F.3d at 259 ("[W]e hold that the United States of America may prosecute a federal felony offense in the District Court of the Virgin Islands by information."); *Gov't of the V.I. v. Rijos*, 285 F. Supp. 126, 6 V.I. 475 (D.V.I. 1968) (holding that the right to a grand jury indictment does not apply to a prosecution in the Virgin Islands for offenses against the United States).

## B. Sufficiency of the Indictment

■ Federal Rule of Criminal Procedure 12(b)(2) ("Rule 12(b)(2)") permits pre-trial dismissal of an indictment, "if its allegations do not suffice to charge an offense." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) (citing *United States v. Sampson*, 371 U.S. 75, 78-79, 83 S. Ct. 173, 9 L. Ed. 2d 136 (1962)). A district court evaluating such a motion considers "only those objections that are 'capable of determination without the trial of the general issue.'" *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979) (quoting *United States v. Knox*, 396 U.S. 77, 90 S. Ct. 363, 24 L. Ed. 2d 275 (1969)).

■ In determining the sufficiency of the charges in a criminal indictment, the court should "accept[] as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343, 72 S. Ct. 329, 96 L. Ed. 367 (1952)). The sufficiency of an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence." *Id.* (citations and quotations omitted).

■ Generally, an indictment will be deemed sufficient if it:

> 1) contains the elements of the offense intended to be charged, 2) sufficiently apprises the defendant of what he must be prepared to meet, and 3) allows the defendant to show [] with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.

*United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (internal citation and quotations omitted); *see also* FED. R. CRIM. P. 7(c)(1) (2002) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . .").

 "Furthermore, an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy." *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991) (quoting *United States v. Addonizio*, 451 F.2d 49, 58 n.7 (3d Cir. 1971), *cert. denied*, 405 U.S. 936, 92 S. Ct. 949, 30 L. Ed. 2d 812 (1972); *see also Rankin*, 870 F.2d at 112 ("[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.").

## III. ANALYSIS

### A. Grand Jury Procedure

 The Defendants cite several procedural defects relating to the grand jury and the return of the indictment in this matter. Because the Defendants have been prosecuted in this Court, they have no right to an indictment by a grand jury. *See Dowling*, 633 F.2d at 667; *Rivera*, 375 F.2d at 991. Having chosen to charge the Defendants by indictment, however, the government is properly bound by the rules regarding grand jury procedure.

 Grand jury procedural violations are generally not grounds for dismissal of an indictment, absent a showing of prejudice to the defendant. *See* FED. R. CRIM. P. 52(a) (2002) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 255, 108 S. Ct. 2369, 2374, 101 L. Ed. 2d 228 (1988) (reasoning that "there is no reason not to apply [Rule 52(a)] to errors, defects, irregularities, or variances occurring before a grand jury just as we have applied it to such error occurring in the criminal trial itself" (citations and quotations omitted)). "Under this standard, dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt'

647

that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 106 S. Ct. 938, 945-46, 89 L. Ed. 2d 50 (1986)). Furthermore, "[g]rand jury proceedings are entitled to a presumption of regularity." *In re Grand Jury Empaneling of Special Grand Jury*, 171 F.3d 826, 835 (3d Cir. 1999).

### 1. Expiration of Grand Jury Tenure

The Defendants argue that the indictment must be dismissed because the grand jury's tenure had expired prior to the date on which the indictment was returned.

 Once impaneled, a grand jury must serve until discharged by the court, "but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service. An extension may be granted for no more than 6 months . . . ." FED. R. CRIM. P. 6(g) (2006). The provision for an eighteen-month limit on the grand jury's tenure is a procedural, rather than a substantive, right. *United States v. Skulsky*, 786 F.2d 558, 562-63 (reasoning that "it is clear that the eighteen-month limitation is not constitutionally mandated," nor does it "create an additional substantive statutory right"). The eighteen-month period of service begins when the grand jury is impaneled and sworn-in. *United States v. Carver*, 671 F.2d 577, 217 U.S. App. D.C. 71 (D.C. Cir. 1982) (per curiam). An indictment returned after the expiration of the grand jury term may be considered invalid. *See, e.g., United States v. Bolton*, 893 F.2d 894, 895 (7th Cir. 1990) (per curiam) (holding that an indictment filed approximately four months after the expiration of the grand jury's term "was a nullity and therefore there was no jurisdiction to try [the defendant]"); *United States v. Pisani*, 590 F. Supp. 1326, 1339-40 (S.D.N.Y. 1984) (holding that the indictment, returned after the expiration of the original 18-month term but before the six-month extension had expired, was returned within the lawful life of the grand jury, but warning that "[a] grand jury might lose its independence, if its tenure lasts too long, and it might become a sword for the government").

In support of their motion to dismiss, the Defendants point to the statement in the indictment that "[i]n or about early March, 2005, a duly constituted federal grand jury in the District of the Virgin Islands began investigating the bribery and kickback scheme alleged" in the indictment.

(Indictment ¶ 38.) Using March, 2005, as the beginning date for the grand jury's term, the Defendants argue that such term had expired, at the very latest, by March 15, 2007. The indictment in this matter was not returned until November 8, 2007. The Defendants claim dismissal is appropriate because the grand jury's power to indict expired before the date the indictment was returned.

However, the government asserts that there were two grand juries involved in the prosecution of this matter. The first grand jury was empaneled in March, 2004, but failed to complete its investigation prior to the expiration of its term. The second grand jury was empaneled on February 16, 2007, and returned the indictment in this matter ten months thereafter, within the time period required under Rule 6(g).

 If the government is unable to secure an indictment from the first grand jury impaneled within the twenty-four month maximum time period, it may appropriately re-submit evidence to a succeeding grand jury. *See* FED. R. CRIM. P. 6(e)(3)(C) ("An attorney for the government may disclose any grand-jury matter to another federal grand jury."); *see also United States v. Thompson*, 251 U.S. 407, 413-14, 40 S. Ct. 289, 64 L. Ed. 333 (1920) (holding that neither adverse action nor failure to act by a prior grand jury limits the power of a successor grand jury); *United States v. Gakoumis*, 624 F. Supp. 655, 656 (E.D. Pa. 1985) ("A subsequent grand jury has the power to indict upon a charge that has been considered previously and rejected by a prior grand jury."), *aff'd*, 802 F.2d 449 (3d Cir. 1986).

 Accordingly, the indictment in this matter, filed ten months after the second grand jury was impaneled, was filed within the time period prescribed by Rule 6(g), and is not defective on that ground. *See, e.g., Unites States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir. 2005); *United States v. Contenti*, 735 F.2d 628, 630 (1st Cir. 1984) (finding that it was not an abuse of the grand jury process to transfer evidence to a successor grand jury without a court order); *United States v. Gross*, 416 F.2d 1205, 1210 (8th Cir. 1969) (holding that it was not an abuse of the grand jury process to present evidence to three successive grand juries).

## 2. Signature of the Grand Jury Foreperson on the Indictment

The Defendants also argue that the grand jury foreperson failed to sign the indictment, and therefore the indictment should be dismissed.

Pursuant to Rule 6(c),

> The foreperson . . . will sign all indictments. The foreperson—or another juror designated by the foreperson—will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders.

FED. R. CRIM. P. 6(c).

 In accordance with the procedure outlined in Rule 6(c), the government asserts that it filed the foreperson's signature and documented concurrence of at least twelve grand jurors under seal. Even assuming the foreperson had failed to sign the indictment, that defect would not rise to the level of prejudicial error sufficient to warrant dismissal of the indictment. *See Hobby v. United States*, 468 U.S. 339, 344, 104 S. Ct. 3093, 82 L. Ed. 2d 260 (1984) ("[T]he foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."); *see also, e.g., United States v. Willaman*, 437 F.3d 354, 361 (3d Cir. 2006) (holding that "the failure of the grand jury foreperson to sign the indictment [w]as a mere technical deficiency, and thus conclud[ing] that [the defendant]'s challenge to the sufficiency of the indictment d[id] not raise an issue entitling him to relief"); *United States v. Titchell*, 261 F.3d 348, 351 (3d Cir. 2001) (holding that, while the failure of the grand jury foreperson to sign the indictment was error, such error did not prejudice the defendant).

## B. Statute of Limitations

Plaskett and Biggs move to dismiss Counts One and Five on grounds that those conspiracy charges are barred by the applicable statute of limitations.

### 1. Count One: Conspiracy to Commit Bribery and Mail Fraud

 There is no express statute of limitations for the conspiracy to commit bribery and mail fraud, in violation of 18 U.S.C. § 371, as charged in Count One. Consequently, a five-year statute of limitations applies to the offense charged in Count One. *See* 18 U.S.C. § 3282(a) (2003) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the

indictment is found or the information is instituted within five years next after such offense shall have been committed."); *see also United States v. Steele*, 685 F.2d 793 (3d Cir. 1982) (subjecting charges for conspiracy to commit bribery, wire and mail fraud, brought under 18 U.S.C. § 371, to the five-year limitations period imposed by 18 U.S.C. § 3282). The five-year statute of limitations begins to run after the commission of the last overt act in furtherance of the conspiracy. *See United States v. Jake*, 281 F.3d 123, 130 n.6 ("A conspiracy is a continuing offense and a jury may consider each and all of a defendant's actions in furtherance of the conspiracy so long as the indictment is brought within five years of the last overt act."); *United States v. Johnson*, 165 F.2d 42 (3d Cir. 1947) (holding that, where evidence established a continuing conspiracy to obstruct administration of justice, the statute of limitations began to run only from the time of the last overt act done in furtherance of the conspiracy).

 The conspiracy charged in Count One allegedly occurred from 2000, through approximately January, 2004. Additionally, as one of the overt acts in furtherance of the conspiracy charged in Count One, the indictment alleges that, on April 20, 2004, a payment which had been approved by Plaskett, was remitted in connection with a bribe. Unless tolled, the statute of limitations for Count One, therefore, will expire on April 20, 2009. The indictment in this matter was filed on November 8, 2007, well within the statute of limitations for the conspiracy charged in Count One.

### 2. Count Five: Bribery Concerning Programs Receiving Federal Funds

 There is also no explicit statute of limitations for the offense of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B), as charged against Biggs in Count Five of the indictment. Therefore, the five-year statute of limitations imposed by 18 U.S.C. § 3282 governs the bribery charge in Count Five. *See* 18 U.S.C. § 3282; *see also United States v. Lauderdale*, 142 Fed. Appx. 25, 28 (3d Cir. 2005) (stating that the relevant limitations period for a charge of bribery under 18 U.S.C. § 666 was the five-year period set forth in 18 U.S.C. § 3282).

 The conduct underlying Count Five of the indictment occurred "[i]n or about mid-November, 2002." (Indictment ¶ 28., Nov. 8, 2007.)

The statute of limitations for the bribery offense alleged in Count Five therefore expired in approximately mid-November, 2007. The facts alleged in the indictment reveal that the grand jury returned the indictment on November 8, 2007, prior to mid-November, 2007, when the statute of limitations for the federal program bribery offense charged in Count Five expired.

## C. Sufficiency of the Allegations in the Indictment

### 1. Count Eight: Conspiracy to Obstruct Justice

Plaskett and Marchena argue that Count Eight should be dismissed because the indictment fails to sufficiently allege the elements of the conspiracy to obstruct justice. *See* 18 U.S.C. §§ 371, 1512(c)(2).

 "The three elements of a Section 371 conspiracy are: 1) the existence of an agreement, 2) an overt act by one of the conspirators in furtherance of the objective, and 3) an intent on the part of the conspirators to agree as well as to defraud the United States." *United States v. Rankin*, 870 F.2d 109 (3d Cir. 1989); *see also United States v. Scanzello*, 832 F.2d 18, 22 (3d Cir. 1987) ("[C]onspiracy indictments need not allege all of the elements of the offense which the defendants are accused of conspiring to commit." (citations and quotations omitted)).

Count Eight of the indictment in this matter alleges that:

> Beginning in or about December[,] 2004, and continuing through at least on or about June 7, 2005, in the District of the Virgin Islands and elsewhere, defendants Plaskett and Marchena . . . and other persons . . . did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons . . . to corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding.

(Indictment ¶ 33, Nov. 8, 2007.) The indictment also describes several overt acts purportedly conducted in furtherance of the agreement to obstruct justice. For example, Count Eight charges that Plaskett and Marchena met with other co-conspirators to discuss "a scheme designed to thwart and obstruct any investigation into their criminal conduct and cover up their roles in the bribery and kickback scheme." (*Id.* at ¶ 40A.)

 Here, Count Eight of the indictment alleges: (1) the existence of an agreement between Plaskett, Marchena, and other co-conspirators to

obstruct an official proceeding, including a proceeding before a federal grand jury;[1] (2) that Plaskett and Marchena specifically intended to enter into the agreement for the purpose of obstructing such an official proceedings; and (3) that numerous overt acts in furtherance of the agreement were performed by Plaskett, Marchena, and other co-conspirators. The government has alleged every element of the conspiracy charged under Section 371. The indictment is also specific enough to notify Plaskett and Marchena of the offenses they must defend, and to enable them to raise double jeopardy claims in the event of future prosecution for conspiracy to obstruct justice. *See, e.g., United States v. Shoup*, 608 F.2d 950 (3d Cir. 1979) (holding that a charge for conspiracy to obstruct justice was sufficient where it apprised the defendant "both of the acts on which the grand jury based its charge and that the prosecution had to prove that he conspired to obstruct the operations of a judicial body"); *see also Nelson*, 852 F.2d at 715 (holding that the dismissal of substantive the obstruction of justice charges against the defendant was not fatal to charges for conspiracy to obstruct justice, because the defendants could have conspired to obstruct an anticipated, but as yet un-commenced, judicial proceeding).

### 2. Counts Nine and Ten: Obstruction of Justice

Plaskett and Marchena also contend that Counts Nine and Ten of the indictment should be dismissed for failure to allege the elements of the substantive offense of obstruction of justice.

■ Counts Nine and Ten each charge obstruction of justice under 18 U.S.C. § 1512(c)(2) ("Section 1512"), which provides:

> Whoever corruptly—
>
> . . .
>
> . . . obstructs, influences, or impedes any official proceeding, or attempts to do so,
> shall be fined under this title or imprisoned not more than 20 years, or both.

---

[1] The term "official proceeding" includes federal grand jury proceedings. *See* 18 U.S.C. § 1515(a)(1)(A) (1996).

18 U.S.C. § 1512(c) (2002). To sustain a charge for obstruction of justice under Section 1512(c)(2), the government must allege: (1) that the defendant knowingly; (2) corruptly obstructed, influenced and impeded, or attempted to do so; (3) an official proceeding. *See id.*; *see also United States v. Reich*, 479 F.3d 179, 185-87 (2d Cir. 2007); *United States v. Peel*, 2006 U.S. Dist. LEXIS 71722, *4 (S.D. Ill. 2006); *United States v. Guardiola Ramirez*, 2006 U.S. Dist. LEXIS 12659, *6 (D. Puerto Rico 2006).

Count Nine of the indictment in this matter charges that, in approximately late December, 2004, "defendants Plaskett and Marchena . . . corruptly obstructed, influenced, and impeded, and attempted to corruptly obstruct, influence, and impede an official proceeding." (Indictment ¶ 42, Nov. 8, 2007.) Count Nine states that Plaskett and Marchena met with a co-conspirator and instructed him to travel to Atlanta, Georgia, to persuade a company to make fraudulent representations "in an effort to impede and obstruct an investigation into the bribery and kickback scheme." (*Id.*)

Count Ten charges that, in approximately mid-January, 2005, "defendants Plaskett and Marchena . . . corruptly obstructed, influenced, and impeded, and attempted to corruptly obstruct, influence, and impede an official proceeding." (Indictment ¶ 44, Nov. 8, 2007.) Specifically, Count Ten alleges that Plaskett and Marchena met with an agent of a company and attempted to "corruptly persuade" the agent to create fictitious and backdated documents "in an effort to impede and obstruct an investigation into the bribery and kickback scheme." (*Id.*)

 Both Counts Nine and Ten track the statutory language, alleging that Plaskett and Marchena knowingly and corruptly obstructed, influenced and impeded an "official proceeding," or attempted to do so. At this pre-trial stage, Counts Nine and Ten of the indictment sufficiently allege the elements of the offense of obstruction of justice under Section 1512(c)(2). *See, e.g., United States v. Potts*, 2007 U.S. Dist. LEXIS 55573, *7 (D. Minn. 2007) (holding that allegations in the indictment that the defendant "did corruptly obstruct, influence, and impede an official proceeding" by making a false statement and concealing material facts during an interview with federal agents were sufficient to support a charge for obstruction of justice under Section 1512(c)(2)).

### 3. Count Twelve: Fraudulent Claims Upon the Government of the Virgin Islands

Finally, defendant Biggs moves to dismiss Count Twelve for failure to allege the elements of the offense of making fraudulent claims upon the government, under title 14, section 843 of the Virgin Islands Code ("Section 843").

Pursuant to Section 843,

> Whoever-
>
> . . .
>
> makes any false or fraudulent statements or representations . . . .
>
> . . .
>
> in any matter within the jurisdiction of any officer, department, board, commission, or other agency of the government of the Virgin Islands, shall be fined not more than $500 or imprisoned not more than two years, or both.

V.I. CODE ANN. tit. 14, § 843 (1943).

Here, Count Twelve of the indictment charges that "[o]n or about June 13, 2005, in the District of the Virgin Islands, defendant Marc. A. Biggs unlawfully, knowingly, and willfully made a materially false statement and representation in a matter within the jurisdiction of an officer, department, board, commission, or other agency of the U.S. Virgin Islands government . . . ." (Indictment ¶ 51, Nov. 8, 2007.) Specifically, Count Twelve states that

> defendant Biggs falsely stated to investigators and agents of the VI-OIG that contract negotiations with PEC, Inc. Regarding the EPA Incinerator and Landfill Contract may have been cancelled due to the composition of, and the evaluation performed by, the DPNR/DP&P Evaluation Committee, when defendant Biggs well knew that the contract negotiations were cancelled due to PEC President's refusal to agree to pay additional bribes and kickbacks to and for . . . defendants Biggs and Plaskett.

(*Id.*)

██ The charges in Count Twelve of the indictment track the language of Section 843. Because the indictment states that Biggs (1) knowingly, (2) made a false statement or representation, (3) regarding a matter within the jurisdiction of an instrumentality of the government of the Virgin Islands, the government has sufficiently alleged the elements of making a fraudulent claim upon the government of the Virgin Islands, in violation of Section 843. *See* 14 V.I.C. § 843.

██ Biggs contends that Count Twelve must nonetheless be dismissed because, based on the facts alleged in the indictment, Section 843 is overly broad and infringes on Biggs' First Amendment right to freedom of speech as well as his Fifth Amendment privilege against self-incrimination. However, Section 843, which proscribes the making of false statements or representations regarding matters within the jurisdiction of the government, punishes actions, not speech. Accordingly, Section 843 does not infringe upon the constitutional right to freedom of speech. *See Cox v. State of La.*, 379 U.S. 536, 555, 85 S. Ct. 453, 465, 13 L. Ed. 2d 471 (1965) ("[I]t has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."); *United States v. Daly*, 756 F.2d 1076, 1082 (5th Cir. 1985) (holding that 18 U.S.C. § 1001, which prohibits making materially false statements in matters within the jurisdiction of the United States government, does not violate the right to free speech because it punishes actions rather than speech); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18, 110 S. Ct. 2695, 2705, 111 L. Ed. 2d 1 (1990) ("there is no constitutional value in false statements of fact."); *Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 227 (3d Cir. 2004) ("Untruthful speech is not protected by the First Amendment.").

██ Furthermore, Biggs' Fifth Amendment challenge to Count Twelve must also fail, because "[p]roper invocation of the Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely." *Brogan v. United States*, 522 U.S. 398, 404-05, 118 S. Ct. 805, 810, 139 L. Ed. 2d 830 (1998) (reasoning that "[i]t is well established that the fact that a person's silence can be used against him—either as substantive evidence of guilt or to impeach him if he takes the stand—does not exert a form of pressure that exonerates an otherwise unlawful lie").

656

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the motions of Plaskett, Biggs, and Marchena to dismiss the indictment. An appropriate order follows.