UNITED STATES of America,

v.

RANKIN, Kevin.

UNITED STATES of America,

v.

RANKIN, John A.

UNITED STATES of America,

v.

FARRELL, Maureen.

Nos. 88–1639 to 88–1641.

United States Court of Appeals,
Third Circuit.

Argued Dec. 1, 1988.

Decided March 13, 1989.

Rehearing and Rehearing In Banc Denied
April 24, 1989.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Bucky P. Mansuy (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellant.

Thomas Colas Carroll (argued), Carroll & Carroll, Philadelphia, Pa., for appellees Maureen Farrell and John A. Rankin.

Ben W. Joseph, Philadelphia, Pa., for appellee Kevin Rankin.

Before SEITZ, STAPLETON, and COWEN, Circuit Judges.

OPINION OF THE COURT

STAPLETON, Circuit Judge.

I.

This appeal seeks review of an order of the district court dismissing six counts of a ten-count indictment. The government contends that the district court erred in

dismissing four of these counts: Counts 3, 6, and 9, charging the defendants with obstructing the due administration of justice, and Count 10, charging the defendants with conspiring to defraud the United States. We agree and reverse.

## II.

On September 19, 1983, defendant Kevin Rankin and 13 other individuals were indicted and charged with conspiracies to distribute large quantities of heroin, cocaine, quaaludes, and marijuana as well as with unlawful use of a communication facility. After a jury trial, Rankin was convicted on all counts and was sentenced by Judge Hannum to the maximum term of 54 years in prison. Rankin appealed, arguing that the district court had erred in not granting him a continuance in order to allow counsel of his choice to participate in the trial. This court subsequently vacated Rankin's conviction on that ground and remanded the case for a new trial.

Prior to the commencement of the second trial, Rankin filed a motion pursuant to 28 U.S.C. §§ 144 & 455(a) requesting that Judge Hannum be recused from presiding over the second trial. In support of this motion, Rankin and appellees John Rankin, and Maureen Farrell, Kevin Rankin's brother and sister respectively, filed affidavits. These affidavits stated *inter alia,* that during the first trial Judge Hannum chased Kevin Rankin around parts of the courtroom, as well as poked, shoved, and struck him, and interrupted, belittled, and humiliated defense witnesses.

Judge Hannum denied Rankin's motion pursuant to Section 455(a) and partially granted his motion pursuant to Section 144. Judge Hannum addressed the Section 455(a) aspect of Rankin's motion first and denied it on the ground that a reasonable person looking at the available information would conclude that the judge did not assault the defendant or chase him around

the courtroom.[1] The court then considered the Section 144 motion. Although the court held that the affidavit was timely filed and was legally sufficient under Section 144, it found that the section's language precluded the court from examining the veracity of the specific *factual* allegations contained in the defendant's affidavit. Consequently, the court concluded that the factual allegations in Rankin's affidavit, attesting to Judge Hannum's assaults on Rankin, were legally sufficient under Section 144 to prevent that court from proceeding further in the case until another judge had ascertained their veracity. As a result, the remaining aspects of the motion pertaining to Section 144 were referred to the Chief Judge for the Eastern District of Pennsylvania. Chief Judge Fullam, however, stating that he was bound by statute and Supreme Court precedent to accept Rankin's factual allegations as true, granted Rankin's motion without a hearing and reassigned his second trial to Judge Cahn.

The second trial commenced on October 20, 1986, and following a guilty verdict on three counts of unlawful use of a communications facility, Rankin was sentenced to ten years in prison. Subsequently, following a motion pursuant to Fed.R.Crim.P. 35, Rankin's sentence was reduced by Judge Cahn to 40 months, or time served.

On April 13, 1988, Rankin, John Rankin, and Maureen Farrell ("the defendants") were named in an indictment charging perjury arising out of statements made in their affidavits filed in support of Kevin Rankin's motion to recuse Judge Hannum. A superceding indictment was filed on May 11, 1988. Counts 3, 6, and 9 of the superceding indictment charged Kevin Rankin, John Rankin, and Maureen Farrell, respectively, with endeavoring to obstruct the due administration of justice in violation of 18 U.S.C. § 1503 (1982) and aiding and abetting in the obstruction of justice in violation of 18 U.S.C. § 2 (1982) (aiding and abetting in the obstruction of justice).

---

1. Kevin Rankin's trial counsel filed an affidavit contradicting Rankin's claims and stating that Judge Hannum did not, *inter alia,* strike, batter, poke the defendant, or chase him around the courtroom. The court concluded that a reason-

able person would credit the defendant's trial counsel's affidavit over those of Rankin and his family as the trial counsel would have no reason to distort what had happened at trial.

Count 10 charged the defendants with conspiring to defraud the United States by obstructing the lawful function of a district court through making false and deceitful representations and statements. The indictment alleged that the object of the conspiracy was to cause the issuance of a judicial order disqualifying Judge Hannum from presiding over further proceedings in *U.S. v. Kevin Rankin* and directing that the case be assigned to a different judge. In furtherance of the conspiracy, the three defendants were charged with signing their respective affidavits and the attachment of these affidavits to Kevin Rankin's motion pursuant to 28 U.S.C. §§ 144 & 455(a).

The defendants filed several pre-trial motions requesting either that several of the counts be dismissed or that the indictment as a whole be dismissed. The district court, in a July 26, 1988 order, granted the motions to dismiss counts 1, 3, 6, 7, 9, and 10. Counts 1 and 7, charging Kevin Rankin and Maureen Farrell with perjury, were dismissed without prejudice on the ground that the alleged perjurious acts (i.e., the signing of false affidavits) occurred in New York and the Eastern District of Pennsylvania accordingly lacked venue. Counts 3, 6, and 9, charging obstruction of justice, were dismissed because the court concluded that they did not state an offense. Finally, Count 10 was dismissed because the district court concluded that it did not contain a "plain, concise and definite statement of the essential facts constituting the offense" purported to be charged.

### III.

The texts of the three obstruction of justice counts, 3, 6, and 9, are essentially the same except for the name of the alleged perpetrator of the offense. Count 3 is illustrative:

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 11 and 13 through 15 of Count One are incorporated herein as though set forth in full.

2. On or about July 7, 1986, in the Eastern District of Pennsylvania and elsewhere, defendant

KEVIN RANKIN,

did corruptly endeavor to influence, obstruct and impede the due administration of justice and did aid, abet, procure, counsel, induce, and willfully cause such an endeavor by submitting and filing KEVIN RANKIN'S Affidavit, which KEVIN RANKIN then well knew contained false allegations as described in paragraphs 13 and 14 of Count One.

In violation of Title 18, United States Code, Sections 1503 and 2.

Appendix at 18. The incorporated language from Count One refers to the background of the case and the specific portions of Kevin Rankin's affidavit which are alleged to be false.

Defendants insist that, as a matter of law, the giving of false testimony, by affidavit or otherwise, cannot alone constitute obstruction of justice in violation of § 1503. They further urge that an indictment must allege the particular manner in which the defendants' conduct obstructed the due administration of justice. In the defendants' view, since Counts 3, 6, and 9 of the indictment allege nothing more specific about the obstruction than that it involved the filing of false affidavits, the district court's dismissal of these counts must be sustained.

■ We agree that the government must prove something more than the commission of an act of perjury in order to secure a conviction for obstruction of justice. *United States v. Essex*, 407 F.2d 214 (6th Cir. 1969); *United States v. Griffin*, 589 F.2d 200 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 48, 62 L.Ed.2d 32 (1979). If it were otherwise, every perjury violation would be an obstruction of justice and it is most unlikely that Congress intended such a result. As Justice Black said in *In re Michael*, 326 U.S. 224, 227–228, 66 S.Ct. 78, 79–80, 90 L.Ed. 30 (1945):

All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth. Therefore, it cannot be denied that it tends to defeat the sole ultimate objective of a trial. It

need not necessarily, however, obstruct or halt the judicial process. For the function of a trial is to sift the truth from a mass of contradictory evidence, and to do so the fact-finding tribunal must hear both truthful and false witnesses.

However, we decline the parties' invitation to determine at this point how much more than a perjurious act the government must prove to secure a conviction for obstruction of justice. Resolution of that issue must await presentation of the government's evidence. The only issue before us in this appeal is the sufficiency of the indictment and it will suffice for present purposes to determine whether Counts 3, 6, and 9 each constitute "a plain, concise and definite written statement of the essential facts constituting" an obstruction of justice and, accordingly, whether they are in compliance with Federal Rule of Criminal Procedure 7(c) and Fifth and Sixth Amendments.

An indictment is generally deemed sufficient if it: 1) "contains the elements of the offense intended to be charged," 2) "sufficiently apprises the defendant of what he must be prepared to meet," and 3) allows the defendant to "show[ ] with accuracy to what extent he may plead a former acquittal or conviction" in the event of a subsequent prosecution. *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (quoting *Cochran and Sayre v. United States*, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895)). It is equally well established that no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution. *United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 134, 78 L.Ed.2d 128 (1983); *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir.1982); *United States v. French*, 683 F.2d 1189, 1194 (8th Cir.), *cert. denied*, 459 U.S. 972, 103 S.Ct. 304, 74 L.Ed.2d 284 (1982); *United States v. Conlon*, 628 F.2d 150, 155

(D.C.Cir.1980), *cert. denied*, 454 U.S. 1149, 102 S.Ct. 1015, 71 L.Ed.2d 304 (1982).

Counts 3, 6, and 9 purport to charge violations of 18 U.S.C. § 1503 which provides in relevant part as follows:

Whoever ... corruptly ... influences, obstructs or impedes or endeavors to influence, obstruct or impede, the due administration of justice, shall be fined ... or imprisoned ... or both.

■ The elements of a Section 1503 offense are: "(1) endeavoring to (2) corruptly (3) influence ... the due administration of justice." *United States v. Tedesco*, 635 F.2d 902, 907 (1st Cir.1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981). Counts 3, 6, and 9 of this indictment allege all of the elements of this offense. The obstruction element is alleged in the language of the statute. These counts further allege that the act which caused the obstruction was the filing of a specific affidavit in a specific judicial proceeding that was false in specified respects. We conclude that this satisfies the requirements recognized in the above-cited authorities without a specification of the particular manner in which the affidavits had the effect of obstructing justice. Accordingly, these counts conform with both Rule 7(c) and the Constitution.

In essence, the defendants ask us to fashion a special pleading rule for obstruction of justice cases. They do so primarily in reliance on *United States v. Essex*, 407 F.2d 214 (6th Cir.1969). While the *Essex* case has been read to suggest that a special pleading rule is appropriate, *see United States v. Caron*, 551 F.Supp. 662, 669 (E.D. Va.1982), we do not read it as so holding, and, in any event, we perceive no basis for requiring greater specificity in obstruction of justice cases than in others. Our conclusion is supported by the decision of the Court of Appeals for the Eleventh Circuit in *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir.1984).

## IV.

We now turn our attention to the court's dismissal of Count 10. Count 10 reads in pertinent part as follows:

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 15 of Count One and 2 through 10 of Count Four and 2 through 10 of Count Seven are incorporated herein as though fully set forth in full.

2. From in or about June, 1986, until on or about September 5, 1986, in the Eastern District of Pennsylvania and elsewhere defendants

KEVIN RANKIN,

JOHN A. RANKIN, AND

MAUREEN FARRELL,

did unlawfully, willfully, and knowingly conspire combine, confederate, and agree among themselves to defraud the United States by impairing, obstructing, and impeding the lawful function of the United States District Court through making false, misleading, and deceitful representations and statements.

3. It was the object of the conspiracy to cause the issuance of a Judicial Order disqualifying Judge Hannum from presiding over further proceedings in the case of *United States v. Kevin Rankin* and directing that the case be assigned to a different judge.

4. In furtherance of the conspiracy and for the purpose of carrying into effect its objects, KEVIN RANKIN, JOHN A. RANKIN, AND MAUREEN FARRELL did commit and perform, in the Eastern District of Pennsylvania and elsewhere, the following overt acts: [overt acts omitted].

In violation of Title 18, United States Code, Section 371.

Appendix at 26–27.

In its opinion, the district court read Count 10 as alleging a conspiracy to obstruct justice and held, consistent with its holding on Counts 3, 6, and 9, that it was "facially defective because ... the means of the alleged conspiracy, i.e., by way of obstruction, has not been adequately pleaded in the indictment, nor demonstrated at oral argument." App. at 220. The Court's order accordingly stated that Count 10 did not "contain a plain, concise and direct statement of the essential facts constituting the offense purported to be charged." *Id.* at 225. Before us, defendants stress that Count 10 alleged a conspiracy "to defraud the United States" and urge that the vagueness of this concept should lead us to require greater specificity than Count 10 provides.

We are cognizant of our duty to carefully scrutinize indictments brought under Section 371. *United States v. Shoup*, 608 F.2d 950, 956 (3d Cir.1979). Nevertheless, this court has recently stated that:

a conspiracy indictment, like any other indictment, is "sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second enables him to plead an acquittal or a conviction in bar of future prosecutions of the same offense."

*United States v. Scanzello*, 832 F.2d 18, 22 (3d Cir.1987) (quoting *United States v. Bailey*, 444 U.S. 394, 414, 100 S.Ct. 624, 636–637, 62 L.Ed.2d 575 (1980)). Applying this standard once again, we conclude that the indictment did contain a sufficiently definite statement of the essential facts constituting the offense charged.

Section 371 of Title 18 provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 371 (1982). The three elements of a Section 371 conspiracy are: 1) the existence of an agreement, 2) an overt act by one of the conspirators in furtherance of the objective, and 3) an intent on the part of the conspirators to agree as well as to defraud the United States. *Shoup*, 608 F.2d at 956. Count 10 of the indictment in this case specifies the names of the three persons who are alleged to have agreed to

defraud the United States. At least three overt acts, the signing of the affidavits by each alleged conspirator, are specified. The indictment also states that the defendants intended to agree and to defraud the United States by impairing the lawful function of the United States District Court through the making of false, misleading, and deceitful representations and statements. Finally, it alleges that the agreement to impair the functioning of the court came in the context of a specific issue in a specific case.

We do not understand the defendants to contend that one cannot conspire "to defraud the United States" within the meaning of § 371 by agreeing to impede the functioning of a district court.[2] Rather, they ask once again that we fashion a special rule of specificity covering this type of offense. We decline to do so. Moreover, we conclude that Count 10 alleges, in the statutory language, all the essential elements of the offense charged in the statutory language and gives the defendants sufficient notice of the charge against them so as to enable them to prepare their defense and to invoke the double jeopardy clause in any subsequent prosecution for the same offense.

### V.

We will reverse the district court and remand with instructions that Counts 3, 6, 9, and 10 of the superceding indictment be reinstated.

---

**2.** In *Hammerschmidt v. United States,* 265 U.S. 182, 188, 44 S.Ct. 511, 512, 68 L.Ed. 968 (1924), the Supreme Court wrote that:

> To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest.

In *United States v. Manton,* 107 F.2d 834 (2d Cir.1939), *cert. denied,* 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940), the court upheld the conviction of a corrupt federal judge charged under Section 241 (the predecessor to § 371).

The indictment in that case charged in relevant part that the defendant conspired:

> ... [T]o defraud the United States of and concerning its right to have the lawful functions of the judicial power of the United States exercised and administered free from unlawful impairment and obstruction, and more particularly its right to the conscientious, faithful, disinterested and unbiased judgment and action of the defendant Manton as the Senior Circuit Judge of the United States Circuit Court of Appeals for the Second Circuit free from corruption, partiality, improper influence, bias, dishonesty and fraud.

107 F.2d at 837.