

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2007

# USA v. McKee

Precedential or Non-Precedential: Precedential

Docket No. 05-3297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. McKee" (2007). *2007 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3297

UNITED STATES OF AMERICA

v.

KEVIN MCKEE,

Appellant

No. 05-3469

UNITED STATES OF AMERICA

v.

INGE DONATO,

Appellant

No. 05-3357

UNITED STATES OF AMERICA

v.

JOSEPH DONATO,

Appellant

Before: SCIRICA, <u>Chief Judge</u>, McKEE and STAPLETON,
<u>Circuit Judges</u>

**ORDER AMENDING OPINION**

**IT IS HEREBY ORDERED** that the Slip Opinion filed in these cases on

1

October 29, 2007, be amended as follows:

1. On page 4, the sentence "Each defendant makes specific claims regarding his/her conviction, and they collectively challenge the jury instructions on the conspiracy count, the sufficiency of the evidence, several evidentiary rulings, and the sentences that were imposed" should be changed to read as follows: "Each defendant makes specific claims regarding his/her conviction, and they collectively challenge the jury instructions on the affirmative acts of evasion element of the tax evasion counts, the sufficiency of the evidence, several evidentiary rulings, and the sentences that were imposed."

2. On page 10, the sentence "Here, in instructing the jury about conduct that could establish the charged conspiracy, the court including failing to report information to the Partnership's account, and falsifying books and records" should be changed to read as follows: "Here, in instructing the jury about conduct that could establish the charged employment tax evasion, the court including failing to report information to the Partnership's account, and falsifying books and records."

3. On page 15, delete the portion of the opinion which reads:

The trial court gave a specific instruction on tax evasion that identified the conduct that could satisfy the affirmative act element of the charged conspiracy. As will be discussed in greater detail below, the government only had to prove one—not all—of the overt acts charged in the indictment. *United States v. Adamo*, 534 F.2d 31, 38 (3d Cir. 1976). Nevertheless, the Defendants can not be convicted on the basis of an overt act that is included in jury instructions, but not charged in the indictment. *Syme, supra*.

Replace it with the following:

The trial court gave a specific instruction on tax evasion that identified the conduct that could satisfy the affirmative act element of the charged employment tax evasion. Nevertheless, the Defendants can not be convicted on the basis of an affirmative act that is included in jury instructions, but not charged in the indictment. *Syme, supra*.

4. On page 19, the sentence "The court did not tell the jury to rely only upon evidence of the specific overt acts charged in the indictment" should

2

be changed to read as follows: "The court did not tell the jury to rely only upon evidence of the specific affirmative acts charged in the indictment."

5. On page 26, the sentence "Moreover, the overt acts of Joseph and Inge on behalf of the Partnership may be imputed to Kevin McKee for the period 1997 through 2000" should be changed to read as follows: "Moreover, the affirmative acts of Joseph and Inge on behalf of the Partnership may be imputed to Kevin McKee for the period 1997 through 2000."

6. On page 27, the sentence "Accordingly, the fraudulent filings satisfied the overt act of tax evasion for all three Defendants" should be changed to read as follows: "Accordingly, the fraudulent filings satisfied the affirmative act of tax evasion for all three Defendants."

7. On page 42, delete the portion of the opinion which reads:

In order to prove a conspiracy to defraud the United States in violation of 18 U.S.C. 371 (Count 1), the evidence must establish the following elements beyond a reasonable doubt: (1) an agreement to defraud the United States, (2) the defendant's knowing and voluntary participation in the conspiracy, and (3) each conspirator's commission of at least one overt act in furtherance of the conspiracy. *See United States v. Rankin*, 870 F.2d 109, 113 (3d Cir. 1989).

Replace it with the following:

In order to prove a conspiracy to defraud the United States in violation of 18 U.S.C. 371 (Count 1), the evidence must establish the following elements beyond a reasonable doubt: (1) an agreement to defraud the United States, (2) an overt act by one of the conspirators in furtherance of that objective, and (3) any conspirator's commission of at least one overt act in furtherance of the conspiracy. *See United States v. Rankin*, 870 F.2d 109, 113 (3d Cir. 1989).

**IT IS SO ORDERED.**

By the Court
/s/ Theodore A. McKee
Circuit Judge

Dated:        November 19, 2007

3

lwc/cc:        Rocco C. Cipparone Jr., Esq.
                Peter Goldberger, Esq.
                Alan Hechtkopf, Esq.
                John Hinton III, Esq.
                George S. Leone, Esq.