

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Gemmill

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Gemmill" (2009). *2009 Decisions.* Paper 1903.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1903

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 07-1970

————————

UNITED STATES OF AMERICA

v.

JUDY GEMMILL
                        Appellant.

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 04-cr-00137)

District Judge:  The Honorable James Gardner

————————

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2009

————————

Before: SLOVITER, BARRY, and SILER,[*] Circuit Judges

Opinion Filed: February 9, 2009

————————

————————

[*]  The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of
Appeals for the Sixth Circuit, sitting by designation.

OPINION

SILER, <u>Circuit Judge</u>

Appellant Judy Gemmill, a former employee of Garland Construction Company, was convicted of one count of conspiracy to make false statements to the United States Department of Housing and Urban Development (HUD) in violation of 18 U.S.C. § 371, and fourteen counts of making false statements to HUD in violation of 18 U.S.C. § 1010. She appeals her conviction and sentence. We will affirm.

Gemmill made and caused others to make false financial disclosures on HUD documents in order to facilitate the approval of mortgages guaranteed by the federal government through the Federal Housing Administration (FHA). In order to get private lenders to issue FHA-insured mortgages, she made it appear that some of the low-income buyers of Garland Construction homes had more money or less debt than they actually had. In order to facilitate the loans, she made it appear as if relatives and friends of the low-income home buyers had provided funds to the home buyers when, in fact, Garland Construction was the source of the funding.

Because many of Garland Construction's home buyers could not qualify for a mortgage without this deception, many of them did not have the financial ability to make the required mortgage payments. Several of them defaulted on their mortgages and lost

their homes to foreclosure. As a result, the government paid the lenders the full remaining debt on the FHA-insured mortgages.

Gemmill's principal argument for reversal of her conviction is that the funding provided by Garland Construction is allowed under the Nehemiah Grant exception to the seller-funding restrictions. This exception allows home sellers to create a pool of funds to be distributed to home buyers through a tax-exempt charity. However, the charitable grant must be disclosed on the mortgage loan paperwork. Even if we were to assume that the Nehemiah Grant exception would apply to the source of the funding here, Gemmill's argument must fail. She not only failed to disclose the source of the funding, she falsified documents in order to conceal the source. It is the failure to disclose the source of the funding and the falsification of mortgage loan documents which form the basis of her convictions, not the source of the funding.

The indictment and the evidence presented during the trial are sufficient to support the convictions. The indictment adequately set forth the elements of conspiracy and false statements charges, giving Gemmill sufficient notice with which to prepare her defense. *See United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989). Likewise, the evidence presented at trial, including the testimony of her co-conspirators and Garland home buyers, is sufficient to support the jury verdict.

Gemmill's arguments regarding the conduct of the trial are also without merit. The District Court did not abuse its discretion by refusing to admit a HUD Office of

Inspector General Report regarding the Nehemiah Grant exception. The Report is not relevant because it is not the source of the funding that is at issue, it is the concealment and failure to disclose the source of the funding which forms the basis of criminal conduct. Furthermore, after careful review of the record, we find no errors in the conduct of the trial which warrant reversal.

Gemmill's challenge to the District Court's sentencing calculation is also unavailing. The District Court correctly calculated the amount of loss, *see United States v. Neadle*, 72 F.3d 1104, 1109-10 (3d Cir. 1996), and applied the appropriate enhancements for use of a special skill, U.S.S.G. § 3B1.3, and obstruction of justice, U.S.S.G. § 3C1.1. There were no procedural or substantive sentencing errors.

We will affirm the judgment of the District Court.