**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John D. COLE, Defendant–Appellant.**

**No. 92–1148.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 1992.

Decided Jan. 22, 1993.

Rehearing Denied Feb. 12, 1993.

James Hackett (argued), Edwardsville, IL, for defendant-appellant.

Before BAUER, Chief Judge, POSNER, and EASTERBROOK, Circuit Judges.

BAUER, Chief Judge.

John Cole was convicted of six counts of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The district court denied his motion for a new trial. He appeals one count of his conviction and the denial of his motion.[1] We affirm.

## I.

John Cole worked for Granite City Steel managing the company's rail transportation. He wielded influence in company decisions awarding rail yard contracts. He used that influence to collect kickbacks from people seeking those contracts. One of his targets was Harold Heater. Heater owns an electronics firm that services remote control units that run locomotives used by the steel company. (Trial transcripts "Tr." 68–69). Cole pitched Heater for several thousand dollars. (Tr. 73–99). Heater reported Cole's demands to the FBI, and began wearing a body recorder to tape his further transactions with Cole. On October 5, 1988, the FBI furnished Heater $5000 to give to Cole in response to Cole's demand for a kickback. (Tr. 99). Cole was arrested immediately after Heater gave him the $5000.

## II.

■ The Hobbs Act ("the Act") provides, *inter alia*, that no person may obstruct, delay, or affect commerce or the movement of any article within commerce by robbery, extortion, or violence.[2] Cole challenges count six of his conviction, which alleged that he unlawfully obtained and attempted

---

1. Cole filed a pro se brief following oral argument raising additional challenges to his conviction. These issues are without merit and will not be addressed.

2. 18 U.S.C. § 1951 states in relevant part:
   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years.

to obtain $5000 from Heater in violation of the Act. Because the $5000 that was involved in count six was FBI money, Cole argues that he did not obstruct, delay, or affect commerce. He is wrong.

 We considered the same issue in *United States v. Rindone,* 631 F.2d 491 (7th Cir.1980), and *United States v. Hocking,* 860 F.2d 769 (7th Cir.1988). In both those cases we stated that the Act prohibits not only direct obstruction, delay, or affect on commerce, but also attempts to do so. In *Rindone,* the defendant took payments from contractors in exchange for the issuance of work permits. He was arrested for accepting money supplied by the FBI. We concluded that the defendant completed the Hobbs Act violation at the time the payment was demanded. *Rindone,* 631 F.2d at 493 (citing *United States v. Staszcuk,* 517 F.2d 53, 60 (7th Cir.) (en banc) (Stevens, J.), *cert. denied,* 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975)). We faced analogous facts and reached the same conclusion in *Hocking,* 860 F.2d at 776–77, and do the same here. Cole violated the Act when he solicited the kickback from Heater. We affirm his conviction.

 Cole is no more successful in his appeal of the denial of his motion for a new trial. We consider whether the district court abused its discretion when it denied the motion. *United States v. Gonzalez,* 933 F.2d 417, 447 (7th Cir.1991). Cole argues that he has new evidence contradicting the testimony of another target of his kickbacks, John Schildknecht. Schildknecht sells railroad cars, and testified that he paid Cole several thousand dollars in order to be awarded steel company contracts. (Tr. 178–86).

 To determine if a new trial is warranted in light of the new evidence, we consider whether 1) the court is satisfied that the testimony given by a material witness is false; 2) without the false testimony the jury might have reached a different conclusion; and 3) the party seeking the new trial was taken by surprise when the false testimony was given and could not address that falsity until after trial. *United States v. Mazzanti,* 925 F.2d 1026, 1029 (7th Cir.1991). Cole has not substantiated his new evidence, providing no reason to find Schildknecht's testimony false. Thus, Cole fails the test at the first step. His new evidence against Heater is equally weak. He alleges that on other occasions Heater may have misidentified or misrepresented himself. This is impeachment evidence, and is not enough to warrant a new trial. *Gonzalez,* 933 F.2d at 447 (new evidence must, *inter alia,* be material and not merely impeaching or cumulative).

### III.

Cole's conviction and the denial of the motion for a new trial are AFFIRMED.