# UNITED STATES OF AMERICA, Plaintiff
## v.
# KEVIN MICHAEL ZIMMERMAN, Defendant

Crim. No. 1996-107

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 4, 1996

AUDREY THOMAS FRANCIS, ESQ., (Assistant United States Attorney), *for Plaintiff*

PAMELA LYNN WOOD, ESQ., (Assistant Federal Public Defender), *for Defendant*

MOORE, *Chief Judge*

**MEMORANDUM OPINION**

Kevin Michael Zimmerman ["Zimmerman"] moves to dismiss the information with prejudice. For the following reasons, the defendant's motion is denied.

### Facts

According to the facts established at the preliminary hearing, Zimmerman attempted to rob the Bank of Nova Scotia on April 4, 1996, by handing a demand note to a bank teller informing her that this was a robbery. (Transcript of hearing on April 10, 1996 ["Tr."] at 4.) The bank teller drew attention to the fact that a robbery was taking place, and the defendant left the bank without having taken any money. Zimmerman was later apprehended and identified by the bank teller. (Tr. at 5.) Since the bank did not close during this incident and continued to conduct regular banking business (Tr. at 8-9), the bank lost no money as a result of the incident.

The government filed a one count information charging that Zimmerman

> did unlawfully obstruct, delay and affect commerce and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did obtain and attempt to obtain the property of the Bank of Nova Scotia with consent having been induced by the wrongful use of actual and threatened force, violence and fear; in violation of Title 18, United States Code, Section 1951.

Title 18, United States Code, Section 1951 [commonly referred to as the "Hobbs Act"] states in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, . . . shall be fined not more than $ 10,000 or imprisoned not more than twenty years, or both.

**Discussion**

Zimmerman argues that the Information should be dismissed because it charges robbery when the facts presented at the preliminary hearing only establish attempted robbery. In addition, the defendant argues that the Hobbs Act does not prohibit attempted robbery, though it does cover robbery and extortion. Finally, Zimmerman asserts that even if attempted robbery violates the Hobbs Act, there is an insufficient nexus, under the facts of this case, between the alleged conduct and interference with interstate commerce.

## A. Sufficiency of the Information

█ The main purpose of an information is to "furnish the accused with such a description of the charge against him as will enable him to make his defense." WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2ND § 125. Generally the test is one of fairness to the defendant. If the information fairly informs the defendant of the charges, it is valid. *See, e.g., United States v. Chappell,* 6 F.3d 1095, 1099-1100 (5th Cir. 1993)(indictment met requirements of alerting defendants to charges and was sufficient despite possibility of being more carefully drafted), *cert. denied,* 114 S. Ct. 1235 (1994).

When an information charges one or more distinct crimes in a single count it is considered duplicitous. Duplicitous informations may fail the fairness test if the charge obscures the specific offense that will be tried. Such a duplicitous information may be cured by the prosecutor electing which offense will be prosecuted. An information is not duplicitous if the count merely alleges more than one means of committing a single offense. *See generally* WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2ND §§ 142, 145; Criminal Procedure Project, 83 GEO. L. J. 874, 892-94 (1995).

█ The information against this defendant sufficiently informs him of the nature of the charges against him and is not duplicitous. The information charges that Zimmerman on April 4, 1996, "did unlawfully . . . affect commerce and attempt to . . . affect commerce . . . by robbery . . . in that the defendant did obtain and attempt to obtain the property of the Bank of Nova Scotia . . . ." Thus the information puts the defendant on notice that he is

charged with affecting and attempting to affect commerce unlawfully by robbing and attempting to rob the Bank of Nova Scotia. While the information does not use the expression "attempted robbery," a common sense reading of the entire information clearly shows that the defendant is charged with attempting to affect commerce by attempting to rob the bank. The practical meaning of the phrase "did . . . attempt to obstruct, delay and affect commerce . . . and the movement of articles and commodities in such commerce, by robbery," is that the defendant did attempt to rob the bank, which necessarily would have had the effect of obstructing, delaying and affecting commerce. Zimmerman was further put on notice that an attempted robbery was at issue by the language in the information that specifies that the defendant did "attempt to obtain the property of the Bank of Nova Scotia . . . ."[1]

■ The fact that the information also charges the defendant with actually interfering with commerce and actually obtaining the property of the Bank of Nova Scotia is not duplicitous. Zimmerman is not charged with two offenses but merely charged with violating the Hobbs Act through more than one means, *i.e.*, through affecting commerce by robbery, through attempting to affect commerce by robbery, through affecting commerce by attempted robbery, and through attempting to affect commerce by attempted robbery. It is common practice for an indictment or information to allege commission of the offense through more than one means with use of the conjunctive "and" where the statute uses the disjunctive "or". *See, e.g., United States v. Daily*, 921 F.2d 994, 1001 (10th Cir.), *cert. denied* 502 U.S. 952, 116 L. Ed. 2d 354, 112 S. Ct. 405 (1991); *United States v. Bader*, 698 F.2d 553, 555 (1st Cir. 1983); Wright, Federal Practice and Procedure: Criminal 2nd § 125 at pp. 372-375. The Hobbs Act is violated either when commerce is directly interfered with or when there is an attempt to interfere with commerce. *See, e.g., United States v. Cole*, 984 F.2d 221, 223 ("The Act prohibits not only direct obstruction, delay or affect on

---

[1]The information is far from a model of clarity, however. While the count charges robbery "as that term is defined in Title 18, United States Code, Section 1951," it then tracks the language of the statute which defines extortion rather than robbery. However, from the facts at the preliminary hearing, it is clear that robbery rather than extortion is the offense being charged.

commerce, but also attempts to do so."). The prosecution need only prove one means of violating the statute at trial.

## B. The Hobbs Act Prohibits Attempted Robbery

■ Zimmerman argues that the Hobbs Act does not prohibit attempted robbery. He agrees that the Hobbs act prohibits robbery and extortion, but contends that the phrase "or attempts or conspires to do so" only qualifies the word "extortion" and, based on a general rule of statutory construction, does not apply to the word "robbery". We find this reasoning unpersuasive. The case relied upon by the defendant accurately states the statutory construction rule, but applies it in a completely different context. *See Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975).[2] In contrast, cases interpreting the Hobbs Act have held that it applies to attempted interference with interstate commerce through attempted robbery. *United States v. Del Carmen Ramirez*, 823 F.2d 1 (1st Cir. 1987). Accordingly, we hold that attempted interference with commerce through attempted robbery is a violation of the Hobbs Act.

## C. Nexus with Interstate Commerce

Zimmerman's final argument is that there is an insufficient nexus between his alleged conduct and interstate commerce. An essential element of a violation of the Hobbs Act is interference with interstate commerce. *Stirone v. United States*, 361 U.S. 212, 218, 4 L. Ed. 2d 252, 80 S. Ct. 270 (1960). However, the Hobbs Act is violated even if there is only a de minimis effect on interstate commerce. *See, e.g., United States v. Collins*, 40 F.3d 95, 99 (5th Cir. 1994); *United States v. Alexander*, 850 F.2d 1500, 1503 (11th Cir. 1988). Moreover, even a threatened or potential effect is sufficient to

---

[2] The *Azure* context involved the interpretation of an act of Congress outlining terms of distribution of a judgment entered by the Indian Claims Commission. The court observed that

as a general rule the use of a disjunctive in a statute indicates alternatives and requires that they be treated separately . . . . Next, under the "doctrine of the last antecedent", qualifying words, phrases and clauses are to be applied to the words or phrase immediately proceeding, and are not to be construed as extending to and including others more remote.

*Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975).

satisfy the jurisdictional requirement. *United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1992); *United States v. Jannotti*, 673 F.2d 578, 591-92 (3d Cir. 1982). In *Jannotti*, the United States Court of Appeals for the Third Circuit noted that "the Hobbs Act by its own terms, encompasses the inchoate offenses of attempt and conspiracy to extort. Convictions for these offenses have been sustained notwith-standing the absence of any evidence of an actual effect on interstate commerce." The court went on to quote approvingly from an opinion written by Justice Stevens when he was a circuit judge: "We are . . . persuaded that the cases which uniformly hold that a threatened effect on interstate commerce is sufficient to bring the statute into play notwithstanding the absence of any actual effect, correctly interpret the congressional purpose." *Id.* at 592 (quoting *United States v. Staszcuk*, 517 F.2d 53 (7th Cir.)(en banc), *cert. denied*, 423 U.S. 837, 46 L. Ed. 2d 56, 96 S. Ct. 65 (1975)).

We find that an attempted robbery of the Bank of Nova Scotia had the potential to affect interstate commerce. If successful, the robbery would have depleted the assets of the Bank of Nova Scotia and therefore would have had at least a minimal indirect affect on commerce. Defendant's reliance on *United States v. Collins*, 40 F.3d 95 (5th Cir. 1994), to support his contention that the Hobbs Act does not reach the type of conduct alleged here is misplaced. *Collins* involved the robbery of an individual. The court of appeals held that the robbery of an individual by itself is not a violation of the Hobbs Act, and distinguished such a situation from the robbery of a business engaged in interstate commerce. *Id.* at 99-100. The court explained why the government's "depletion of assets" theory did not apply to an individual unrelated to a business:

> This thesis usually is applied to businesses or similar entities engaged in interstate commerce, as "in general . . . businesses purchase on a larger scale than individuals [, and] extortion [and robbery are] likely to have a greater effect on interstate commerce when directed at businesses rather than individuals."

*Id.* (citation omitted).

Accordingly, we hold that the information is valid, that the alleged actions of Zimmerman constitute a violation of the Hobbs

Act and constitute a sufficient link to interstate commerce. The motion to dismiss is therefore denied. An appropriate order is attached.

ENTERED this 4th day of December 1996.

## ORDER

For the reasons set forth in the accompanying memorandum it is hereby

ORDERED that defendant's motion to dismiss is hereby DENIED; and it is further

ORDERED that jury selection for trial of this matter is scheduled for Monday, January 13, 1997.

ENTERED this 4th day of December, 1996.