

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# USA v. Ntreh

Precedential or Non-Precedential:

Docket 1-1204

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Ntreh" (2002). *2002 Decisions.* Paper 76.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/76

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 31, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1204

THE UNITED STATES OF AMERICA,

        Appellant,

v.

ABRAHAM NEE NTREH.

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS

(D.C. No. 00-cr-00045)
District Judge: The Honorable Raymond L. Finch

Argued December 4, 2001

BEFORE: BECKER, Chief Judge, NYGAARD and
COWEN, Circuit Judges.

(Filed January 31, 2002)

        Carl F. Morey, Esq. (Argued)
        Office of United States Attorney
        1108 King Street, Suite 201
        Christiansted, St. Croix
        USVI, 00820
         Counsel for Appellant

        Abraham N. Ntreh (Argued)
         Pro Se Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

The sole issue in this appeal is whether Appellant, the
United States of America, can prosecute a federal felony
offense in the District Court of the Virgin Islands by
information. The District Court below dismissed an
information against Appellee, ruling that the Government
must proceed by grand jury indictment. Because we find
the law clear that federal felonies may be pursued by
information in the Virgin Islands, we reverse.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Appellee, Abraham Nee Ntreh, was arrested by the
Immigration and Naturalization Service in St. Croix and
was charged by information with one count of illegal reentry
into the United States after having been deported, in
violation of 8 U.S.C. S 1326. On August 25, 2000, the
Government filed an eight-count superseding information
charging Ntreh with three counts of illegal reentry into the
United States, in violation of 8 U.S.C. S 1326; two counts of
making false statements to INS agents, in violation of 18
U.S.C. S 1001; one count of illegal entry into the United
States, in violation of 8 U.S.C. S 1325; and two counts of
misuse of immigration documents, in violation of 18 U.S.C.
S 1546. The case was never investigated by, nor presented
to, a grand jury.

On the day Ntreh's trial was scheduled to begin, his
counsel orally moved to dismiss the Information. Ntreh's
attorney stated that she "recognize[d] the wording of the
Revised Organic Act and the cases that follow," but argued
that "the policy and practice . . . since we started using a
grand jury . . . has been that if the Government is going to
proceed to trial that we proceed by indictment." The
prosecutor responded that Rule 54 of the Federal Rules of
Criminal Procedure permits the Government to proceed by

indictment or information in the Virgin Islands. Apparently perceiving a conflict between Rule 54 and Rule 7, which requires proceeding by indictment for an offense which may be punished by imprisonment for a term exceeding one year, the District Court dismissed the Information with little explanation. The Government filed a Motion to Reconsider Dismissal of the Information, which the District Court denied without addressing the Government's arguments. The Government appeals.

II.

DISCUSSION

As a preliminary matter, we note that residents of the Virgin Islands have no constitutional right to indictment by a grand jury. We recognized in Government of the Virgin Islands v. Dowling, 633 F.2d 660, 667 (3d Cir. 1980) that "[i]n the unincorporated Territory of the Virgin Islands the requirement of the Fifth Amendment for indictment of a grand jury is not applicable." Similarly, the Supreme Court in United States v. Verdugo-Urquidez, 494 U.S. 259 (1990), discussed the application of the Constitution to unincorporated territories. The Court stated that its decisions in The Insular Cases

> held that not every constitutional provision applies to governmental activity even where the United States has sovereign power. See, e.g., Balzac v. Porto Rico, 258 U.S. 298, 42 S. Ct. 343, 66 L. Ed. 627 (1922) (Sixth Amendment right to jury trial inapplicable in Puerto Rico); Ocampo v. United States, 234 U.S. 91, 34 S. Ct. 712, 58 L. Ed. 1231 (1914) (Fifth Amendment grand jury provision inapplicable in Philippines); Dorr v. United States, 195 U.S. 138, 24 S. Ct. 808, 49 L. Ed. 128 (1904) (jury trial provision inapplicable in Philippines); Hawaii v. Mankichi, 190 U.S. 197, 23 S. Ct. 787, 47 L. Ed. 1016 (1903) (provisions on indictment by grand jury and jury trial inapplicable in Hawaii); Downes v. Bidwell, 182 U.S. 244, 21 S. Ct. 770, 45 L. Ed. 1088 (1901) (Revenue Clauses of Constitution inapplicable to Puerto Rico). In Dorr, we

3

declared the general rule that in an unincorporated territory--one not clearly destined for statehood-- Congress was not required to adopt "a system of laws which shall include the right of trial by jury, and that the Constitution does not, without legislation and of its own force, carry such right to territory so situated ." 195 U.S., at 149, 24 S. Ct., at 813 (emphasis added). Only "fundamental" constitutional rights are guaranteed to inhabitants of those territories. Id., at 148, 24 S. Ct., at 812; Balazc, supra, 258 U.S., at 312-313, 42 S. Ct., at 348; see Examining Board of Engineers, Architects and Surveyors v. Flores de Otero, 426 U.S. 572, 599, n. 30, 96 S. Ct. 2264, 2280 n. 30, 49 L. Ed. 2d 65 (1976).

Verdugo-Urquidez, 494 U.S. at 268. Thus, Ntreh has no constitutional right to indictment by a grand jury.

If Ntreh has any right to indictment by a grand jury in a federal prosecution, it would have to emanate from a federal statute. In the "Revised Organic Act," Congress created a bill of rights for the Virgin Islands. 48 U.S.C. S 1561. That act allows offenses against the United States which are prosecuted in the District Court of the Virgin Islands to proceed by either indictment or information. It provides, in part:

> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; article VI, clause 3; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the fifteenth and nineteenth amendments: Provided, That all offenses against the laws of the United States and the laws of the Virgin Islands which are prosecuted in the district court pursuant to sections 1612(a) and (c) of this title may be had by indictment by grand jury or by information, and that all offenses against the laws of the Virgin Islands which are prosecuted in the district

4

court pursuant to section 1612(b) of this title or in the courts established by local law shall continue to be prosecuted by information, except such as may be required by local law to be prosecuted by indictment by grand jury.

48 U.S.C. S 1561 (emphasis added). The present case, involving a violation of federal law, was brought in the District Court pursuant to 48 U.S.C. S 1612(a) which vests the District Court of the Virgin Islands with the jurisdiction of a District Court of the United States. As made clear in the italicized language above, Congress has clearly stated that offenses which are prosecuted pursuant to S 1612(a) may be had by indictment or information. Thus, Ntreh had no right to demand indictment by a grand jury, and the Government was well within its statutory authority in choosing to proceed by information.

Further evidence that Congress intended federal criminal violations in the Virgin Islands to be prosecuted by either indictment or information is found in 48 U.S.C.S 1614(b), titled "Criminal offenses; procedure; definitions; indictment and information," which states:

Where appropriate, the provisions of part II of Title 18 and of Title 28, and, notwithstanding the provisions of rule 7(a) and of rule 54(a) of the Federal Rules of Criminal Procedure relating to the requirement of indictment and to the prosecution of criminal offenses in the Virgin Islands by information, respectively, the rules of practice heretofore or hereafter promulgated and made effective by the Congress or the Supreme Court of the United States pursuant to Titles 11, 18 and 28 shall apply to the district court and appeals therefrom: Provided, That the terms "Attorney for the government" and "United States attorney" as used in the Federal Rules of Criminal Procedure, shall, when applicable to causes arising under the income tax laws applicable to the Virgin Islands, mean the Attorney General of the Virgin Islands or such other person or persons as may be authorized by the laws of the Virgin Islands to act therein: Provided further, That in the district court all criminal prosecutions under the laws of the United States, under local law under section

5

1612(c) of this title, and under the income tax laws
applicable to the Virgin Islands may be had by
indictment by grand jury or by information: Provided
further, That an offense which has been investigated by
or presented to a grand jury may be prosecuted by
information only by leave of court or with the consent
of the defendant. All criminal prosecutions arising
under local law which are tried in the district court
pursuant to section 1612(b) of this title shall continue
to be had by information, except such as may be
required by the local law to be prosecuted by
indictment by grand jury.

48 U.S.C. S 1614(b) (emphasis added). This section
reiterates that federal criminal prosecutions in the District
Court of the Virgin Islands may be commenced by
indictment or by information, except that once a case has
been presented to a grand jury, the case may be prosecuted
by information only by leave of court or with the
defendant's consent. Ntreh's case never was presented to a
grand jury, so that exception does not apply here.

When Ntreh's counsel made her oral motion to dismiss
the information before the District Court, she contended
that there is a conflict between Federal Rules of Criminal
Procedure 7(a) and 54(a). It appears that the District Court
accepted her argument, although it provided little
explanation for its ruling. Rule 7(a), entitled "Use of
Indictment or Information" states:

An offense which may be punished by death shall be
prosecuted by indictment. An offense which may be
punished by imprisonment for a term exceeding one
year or at hard labor shall be prosecuted by indictment
or, if indictment is waived, it may be prosecuted by
information. Any other offense may be prosecuted by
indictment or by information. An information may be
filed without leave of court.

Fed. R. Crim. P. 7(a). Rule 54, entitled "Application and
Exception," states, in part:

These rules apply to all criminal proceedings in the
United States District Courts; in the District Court of
Guam; in the District Court for the Northern Mariana

6

Islands, except as otherwise provided in articles IV and V of the covenant provided by the Act of March 24, 1976 (90 Stat. 263); and in the District Court of the Virgin Islands; in the United States Courts of Appeals; and in the Supreme Court of the United States; except that the prosecution of offenses in the District Court of the Virgin Islands shall be by indictment or information as otherwise provided by law.

Fed. R. Crim. P. 54(a) (emphasis added). The Government argues, and we agree, there is no conflict between these two rules. Rule 54(a) creates an exception to Rule 7(a) which allows certain offenses in the Virgin Islands to be prosecuted by indictment or information. The phrase "as otherwise provided by law" appears to be a reference to 48 U.S.C. SS 1561 and 1614(b). Indeed, the Advisory Committee Notes to the 1991 Amendment to Rule 54 support this understanding of that language. They state:

> The amendment to 54(a) conforms the Rule to legislative changes affecting the prosecution of federal cases in Guam and the Virgin Islands by indictment or information. The "except" clause in Rule 54(a) addressing the availability of indictments by grand jury [in] Guam has been effectively repealed by Public Law 98-454 (1984), 48 U.S.C. S 1424-4 which made the Federal Rules of Criminal Procedure (including Rule 7, relating to use of indictments) applicable in Guam notwithstanding Rule 54(a). That legislation apparently codified what had been the actual practice in Guam for a number of years. See 130 Cong. Rec., H25476 (daily ed. Sept. 14, 1984). With regard to the Virgin Islands, Public Law 98-454 (1984) also amended 48 U.S.C. SS 1561 and 1614(b) to permit (but not require) use of indictments in the Virgin Islands.

Fed. R. Crim. P. 54 advisory committee's note (emphasis added). These Advisory Committee Notes clearly indicate that indictments may be used in the Virgin Islands, but they are not required. Thus, Ntreh has no right to demand that he be prosecuted only by grand jury indictment.

The transcript of the hearing before the District Court seems to indicate that there may be a local practice in the

7

Virgin Islands of proceeding by information only when a defendant is expected to plead guilty, and this may help explain the District Court's ruling. But any purported local practice certainly cannot negate the clear Congressional authorization to proceed by information as expressed in 48 U.S.C. S 1561, 48 U.S.C. S 1614(b), and Fed. R. Crim. P. 54(a).

III.

CONCLUSION

In sum, and for the above reasons, we hold that the United States of America may prosecute a federal felony offense in the District Court of the Virgin Islands by information, and the District Court erred by dismissing the Information. We reverse the District Court's dismissal, and we will remand so the Information may be reinstated.

A True Copy:
Teste:

  Clerk of the United States Court of Appeals
  for the Third Circuit