**UNITED STATES OF AMERICA,**

v.

**Lestroy BRIGHT, Appellant,**

**United States of America,**

v.

**Bryan Felix, Appellant,**

**United States of America,**

v.

**Remy Augustin, Appellant.**

**Nos. 02–1190, 02–1193, 02–1215.**

United States Court of Appeals, Third Circuit.

Argued Nov. 13, 2002.

Decided Dec. 16, 2002.

Ronald E. Russell, St. Croix, V.I., for Appellant Bright.

Martial A. Webster, St. Croix, V.I., for Appellant Felix.

Jomo Meade, St. Croix, V.I., for Appellant Augustin.

Ernest F. Batenga, Assistant U.S. Attorney, St. Croix, V.I., for Appellee.

Before SCIRICA, ALITO, and RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case need not be set out. We reject the defendants' challenges to their convictions and affirm the judgment of the District Court.

First, because Article IV of the Constitution gives Congress plenary power to regulate intra-territorial conduct, the Hobbs Act convictions in this case are not subject to challenge based on the Commerce Clause. While the indictment could have been framed to include only intra-territorial conduct under the Act, however, the government arguably framed the indictment in such a way that a showing of obstruction, delay, or affect on commerce between the Territory and any other territory or state was required. The relevant issue, therefore, is simply whether the proof presented satisfied the statutory element requiring conduct that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce," 18 U.S.C.

§ 1951(a), with commerce being defined as commerce between the Territory and any other territory or state, 18 U.S.C. § 1951(b)(3). We conclude in this instance that there was substantial evidence, viewed in the light most favorable to the government, on which a rational trier of fact could find that the statutory elements had been satisfied and, consequently, that guilt had been established beyond a reasonable doubt. *See United States v. Serafini*, 233 F.3d 758 (3d Cir.2000).

We also reject Defendant Augustin's separate argument that the District Court abused its discretion by denying his Motion for Judgment of Acquittal based on allegations that the Government failed: (1) to prove beyond a reasonable doubt that he aided and abetted Defendant Bright in the commission of the charged crimes and (2) to establish that the robberies had a sufficient effect on interstate commerce and to come within the ambit of 18 U.S.C. § 1951. The latter of these arguments has already been disposed of above.

■ As to the former argument, in order to determine that Augustin aided and abetted, the jury was required to find that Defendant Augustin (1) associated himself with the venture, (2) participated in the venture as something he wished to bring about, and (3) sought by his words or actions to make it succeed. *See United States v. Xavier*, 2 F.3d 1281, 1288 (3d Cir.1993); 18 U.S.C. § 2. We determine that substantial evidence presented at trial justified a finding by a rational trier of fact, beyond a reasonable doubt, that defendant Augustin knew in advance that his partner intended to use the firearm in the crime in which he was a participant, knew that his partner was using a gun to commit the crime, and continued in the commission of the crime in spite of that knowledge. *See United States v. Serafini*, 233 F.3d 758 (3d Cir.2000); *United States v. Price*, 76

F.3d 526, 530 (3d Cir.1996). Thus, there was sufficient evidence to convict defendant Augustin under an aiding and abetting theory.

We also reject the argument of all three defendant that the District Court improperly denied their motion for new trial, which was based on the allegation that the Government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In evaluating an alleged *Brady* violation, we review the District Court's legal conclusions de novo and its factual findings for clear error. *United States v. Ramos*, 27 F.3d 65, 67 (3d Cir.1994).

Under *Brady*, in order to satisfy the requirements of due process, the government must disclose information that is both material-either to guilt or punishment-and favorable to the defendant. *Government of the Virgin Islands v. Martinez*, 780 F.2d 302 (3d Cir.1985). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The government is obligated to disclose only where the prosecutor possesses the evidence or where he "should [ ] have known that the material at issue was in existence." *United States v. Joseph*, 996 F.2d 36, 39 (3d Cir.1993).

In this instance, the Defendants claim that the government violated its *Brady* obligations because Assistant U.S. Attorney (AUSA) Marshack knew that the car allegedly used in the robberies in question was in the possession of a third party-Jimmy Davis-at the time the robberies were committed. The defendants claim that he gained this information when, during his tenure as an Assistant Territorial Public Defender, he represented Jimmy Davis. The defendants contend that al-

though AUSA Marshack possessed this knowledge, during this present case he questioned the owner of the car allegedly used in the robberies in such a way as to create the impression that Defendant Augustin at the time and date of the robberies had sole use and possession of that car. The defendants further allege that the knowledge that AUSA Marshack acquired while in an Assistant Territorial Public Defender must be imputed to the United States. The Government, on the other hand, claims that Marshack was not aware of Davis' use of the vehicle. The Government also argues that, as the car had been impounded by the Virgin Islands Police Department, Davis could not have been using the car in connection with either the three criminal charges brought against him or in connection with his arrest for driving without a license, which occurred during the days on which the robberies were allegedly committed by the Defendants.

The District Court denied the *Brady* motion based on a determination that: (1) Marshack, as Davis's public defender, would have had no reason to seek information from Davis regarding the car as there is "generally no inquiry into the underlying crime" during procedural hearings of the sort at which Marshack had represented Davis, and (2) all the offenses that Davis might have had occasion to discuss with Marshack occurred "well after the Hobbs Act robberies." See App. at 371.

■ This Court will overturn a District Court's findings of fact only upon a finding of clear error. There is no indication that the District Court erred in determining that the Government did not withhold or suppress any evidence regarding Jimmy Davis's alleged use of the Mitsubishi Mirage that was allegedly used in the robbery. We therefore affirm the District Court's denial of the defendants' Motion for a New Trial.

■ Finally, we hold that the District Court did not abuse its discretion by excluding testimony regarding prior prosecutorial decisions of the Virgin Islands Attorney General's Office. We review the District Court's decision to admit or deny evidence for abuse of discretion. *See United States v. Scott*, 223 F.3d 208, 210 (3d Cir.2000). Defendants Bright and Felix allege that the District Court abused its discretion by refusing to allow them to present evidence that the Attorney General of the Virgin Islands chose not to prosecute them for some of the crimes charged in the superseding indictment. Defendants Bright and Felix rely on this Court's decisions in *United States v. Stevens*, 935 F.2d 1380 (3d Cir.1991), and *United States v. Rockwell*, 781 F.2d 985 (3d Cir.1986). Reliance on this precedent is misguided, however, and there is no indication that the District Court abused its discretion in refusing to allow the Defendants to present the evidence at issue.

In *United States v. Stevens*, 935 F.2d 1380 (3d Cir.1991), this Court found an abuse of discretion where the District Court refused to allow the Defendant to present "reverse 404(b) evidence" where there had been another crime very similar to the crime charged, there was evidence that the identification by the eye witness in the case was faulty, and the defendant was seeking to offer evidence of the other similar crime to impeach the eye witness's identification. *Stevens* is not applicable here as Defendants Bright and Felix were simply attempting to introduce evidence that the Office of the Attorney General of the Virgin Islands had exercised its prosecutorial discretion in relation to the robberies and decided that it would seek dismissal of proceedings against Bright and Felix without prejudice. While Bright and

Felix allegedly desired to present this evidence to impeach the government witnesses' in-court identification of the accused, there is no indication either: (1) that the exercise of prosecutorial discretion by the Office of the Attorney General was based on its inability to obtain witnesses to identify Bright, Augustin, and Felix or (2) that this evidence was probative as to how a government witness would testify at trial regarding identification. *Stevens* is thus not applicable here.

Defendants Bright and Felix also rely upon *United States v. Rockwell*, 781 F.2d 985 (3d Cir.1986), but *Rockwell* is also inapposite. The evidence ultimately admitted in that case regarded the dismissal of a state weapons charge in a prosecution for a federal weapons charge. In *Rockwell*, the evidence of the dismissed state charge was admitted for the purpose of showing that an officer actually planted a gun on the defendant. Defendants Bright and Felix, in contrast, attempted to introduce evidence regarding the Attorney General's request for dismissal of territorial charges merely in order to impeach the government's witnesses by implying that the Attorney General must have been unable to procure witnesses who could identify Bright and Felix as perpetrators of the robberies. *Rockwell* is not relevant here.

We find no indication that the District Court abused its discretion by excluding the evidence of the Attorney General's prior exercise of prosecutorial discretion in dismissing territorial charges against the Defendants.

We have considered all of the defendant's arguments and see no basis for reversal. Therefore, we affirm the District Court's judgment in whole.