**UNITED STATES of America,**
**Plaintiff,**

v.

**Steven Dacosta LIBURD, Defendant.**

**No. CRIM.2003–52.**

District Court, Virgin Islands,
D. St. Thomas and St. John.

Oct. 24, 2003.

Nelson Jones, Assistant United States Attorney, St. Thomas, VI, for plaintiff.

Kirsten Gettys Downs, Assistant Federal Public Defender, St. Thomas, VI, for defendant.

## MEMORANDUM

MOORE, District Judge.

Defendant Steven Dacosta Liburd is charged in an information with unlawful obstruction of interstate commerce by extortion in violation of Section 1951 of Title 18 of the United States Code ["the Hobbs Act"].

Liburd moves to dismiss the charges against him for lack of subject matter jurisdiction. The information charges Liburd with unlawfully obstructing, delaying, and affecting commerce by extortion in violation of the Hobbs Act.[1] Essentially, Liburd contends that the charges set forth in the information do not allege any effect on interstate commerce.

## FACTS

The United States alleges that Liburd is employed as a law enforcement officer by the Virgin Islands Port Authority at the Cyril E. King Airport ["the Airport"]. Karril Herbert is an employee of the United States Transportation Security Administration ["TSA"] employed at the Airport. According to the government, on March 12, 2003, Liburd told Herbert that he was assigned to investigate a complaint against her by another TSA employee. On March 18, 2003, Liburd is alleged to have advised Herbert that for the sum of $1,000.00 and sexual favors he would provide her with pictures of the witness against her depict-ing the witness while involved in illegal activity and that his investigative report would be favorable to her. A consensually monitored telephone call was then placed to Liburd's residence. During the conversation, Liburd allegedly again told Herbert that he wanted money in exchange for influence over the police report.

On March 28, 2003, Herbert consented to visual and audio monitoring devices being placed in her vehicle. She then placed a monitored telephone call to Liburd, arranging to meet him at the University of the Virgin Islands bus stop. Herbert met Liburd at the requested location and gave him an envelope containing $200.00. Liburd allegedly told Herbert not to worry and that he would take care of the report as promised. They then arranged for a second payment to be made during the week of April 1, 2003.

On April 2, 2003, the magistrate judge issued an arrest warrant for Liburd on the basis of a complaint sworn to by an officer of the Virgin Islands Safe Street Task Force. Liburd was arrested on April 3, 2003. On May 5, 2003, the United States Attorney charged Liburd by information with interference with commerce by extortion in violation of section 1951 of title 18 of the United States Code. The Revised Organic Act authorizes charging a felony by information as opposed to by indict-

1. The Hobbs Act provides in relevant part as follows:

Interference with commerce by threats or violence

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section—
(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
(3) The term "commerce" means commerce within . . . any Territory . . . of the United States; all commerce between any point in a . . . Territory . . . and any point outside thereof . . . .

ment.[2] *See United States v. Ntreh,* 279 F.3d 255 (3d. Cir.2002).

## DISCUSSION

 Liburd contends that the charges are legally insufficient to confer federal jurisdiction under the Hobbs Act because the allegations suggest no finding of any effect on interstate commerce. The Hobbs Act requires that the charged conduct must either obstruct, delay, or affect interstate commerce. 18 U.S.C. § 1951(a). The Third Circuit Court of Appeals has elaborated on this, explaining that the Hobbs Act "requires only (1) that the defendants induce their victims to part with property, (2) that they do so through the use of fear, and (3) that, in so doing, they adversely affect interstate commerce." *United States v. Addonizio,* 451 F.2d 49, 59 (3d Cir.1971). See also *United States v. Jannotti,* 673 F.2d 578, 591 (3d Cir.1982) ("A substantive violation of the Hobbs Act generally is supported by proof of an actual effect on commerce.").

 The Court of Appeals held in 1989 that the Hobbs Act is constitutional as applied to crimes which have only a *de minimis* impact on interstate commerce. See *United States v. Traitz,* 871 F.2d 368, 390 (3d Cir.1989); *United States v. Clausen,* 328 F.3d 708, 710 (3d Cir.2003) (reaffirming *Traitz* [3]). The *Traitz* decision cites several cases where "the effect on interstate commerce was found to have existed by virtue of a depletion of the assets of the object of the extortion thereby diminishing that party's ability to purchase goods in interstate commerce." *Id.; see also United States v. Zimmerman,* 949 F.Supp. 370, 373 (D.Vi.1996).

Liburd argues that his alleged conduct does not violate the Hobbs Act because there was no effect on interstate commerce. He maintains that the victim of his alleged extortion was an individual, not a business entity, and that the depletion of the assets of an individual not engaged in interstate commerce does not pose even a *de minimis* effect on interstate commerce.[4]

Liburd's argument fails because the constitutional nexus of impact on interstate commerce that restrains the application of the Hobbs Act in a State of the Union does not limit its application in the Virgin Is-

---

**2.** See Revised Organic Act of 1954 §§ 3, 24(b), 48 U.S.C. §§ 1561, 1614(b). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), reprinted in V.I.Code Ann. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I.Code Ann. tit. 1).

**3.** In *Clausen,* the Third Circuit Court of Appeals held that *Traitz* is still good law in light of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). The *Clausen* decision rejects the proposition that, after *Lopez* and *Morrison,* the Hobbs Act can only be constitutionally applied to crimes which have a substantial effect on interstate commerce.

**4.** Liburd relies on the decision of the Court of Appeals for the Fifth Circuit enumerating the circumstances in which conduct directed to-

wards individuals, as opposed to business entities, violated the Hobbs Act:

> Criminal acts directed toward individuals may violate section 1951(a) only if: (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; (2) if the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce; or (3) if the number of individuals victimized or the sum at stake is so large that there will be some "cumulative effect on interstate commerce."

*United States v. Collins,* 40 F.3d 95, 100 (5th Cir.1994). Liburd argues that the government has failed to satisfy any of the *Collins* requirements. The federalism concerns motivating the *Collins* holding do not apply to the Virgin Islands, however, as I discuss below.

lands. This Territory is wholly a creature of the treaty-making power of the President and the legislative autonomy of Congress under Article IV, unrestrained by the Commerce Clause. Congress acted as a local legislature in making the Hobbs Act cover commerce within the Territory of the Virgin Islands that would be deemed **intrastate** commerce in a State of the United States. *See United States v. Bright*, 54 Fed.Appx. 765, 766 (3d Cir. 2002) ("not precedential" [5]) ("[B]ecause Article IV of the Constitution gives Congress plenary power to regulate intra-territorial conduct, the Hobbs Act convictions in this case are not subject to challenge based on the Commerce Clause.") In 1999, this Court similarly held that "the Virgin Islands is not a state. All commerce within the Territory, therefore, is [*de jure* ] interstate commerce" for purposes of Commerce Clause review. *United States v. Hodge*, 77 F.Supp.2d 674, 678 (D.Vi.1999).

■ All the United States must allege in this case is extortion having **any** effect on commerce within the Territory. This it has manifestly done. The government alleges that Liburd extorted money from the victim. This extortion depleted the victim's assets, and such a depletion has some *de minimis* impact on commerce. Because all commerce within the Territory is by definition interstate commerce under the Hobbs Act, the slight impact of such extortion is sufficient.

Liburd's motion to dismiss for lack of subject matter jurisdiction accordingly will be denied.

### ORDER

For the reasons expressed in the attached Memorandum of even date, it is hereby

**ORDERED** that the defendant's motion to dismiss is **DENIED**.

---

**5.** Under the Internal Operating Procedures of the Court of Appeals, an opinion that is designated as **not precedential** is one "that appears to have value only to the trial court or the parties." *See* 3rd Cir. LAR, App. I, IOP 5.3 ("An opinion ... that appears to have value only to the trial court or the parties is designated as not precedential and is not printed as a slip opinion but, unless otherwise provided by the court, it is posted on the court's internet website."). I would have thought that a ruling on such a significant aspect of this Court's jurisdiction would have had sufficient "institutional value" to designate it as precedential. *See id.*, IOP 5.2 ("An opinion ... is designated as precedential and printed as a slip opinion when it has precedential or institutional value."). Designating this important ruling on a pure issue of law as not precedential means that a later three-judge panel is free to overrule it, as only those opinions designated as precedential require *en banc* consideration before they can be overruled. *See id.*, IOP 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so.").

Whatever happened to the doctrine of *stare decisis?*